92    391
128   558

SAVANNAH, FLORIDA & WESTERN RY. CO. v. SLATER.

1. The plaintiff, while in his proper place on a crossing, having been injured by a stick of wood which either fell or was thrown from the tender of a passing locomotive on the defendant's railway, and there being no evidence tending to show that the stick was wilfully or maliciously thrown at him, the case was one resting on the doctrine of negligence, either in permitting the stick to fall, or in casting it from the tender without due caution and circumspection. The charge of the court covering, and not going beyond, these elements, was proper.

2. That the negligence was chargeable to the company's employees while acting within the scope of their duties, is, under section 3033 of the code, a necessary inference from the absence of any evidence to the contrary.

3. The verdict was not excessive, and there was no error in refusing a new trial.                              *Judgment affirmed.*

April 3, 1893. Argued at the last term.

Action for damages. Before Judge ATKINSON. Wayne superior court. October term, 1891.

Slater sued the railway company for personal injuries received by him by being struck on the foot by a stick of wood thrown from a passing engine of defendant. He obtained a verdict for $1,500. Defendant's motion for new trial was overruled, and it excepted. The motion contains the grounds, that the verdict was contrary to law, evidence, etc., and was unreasonable, unjust and excessive; and that the court gave the following in charge:

"A railroad company shall be liable for any damage done to person, stock or other property, by the running of the locomotives or cars or other machinery of such company, or for damage done by any person in the employment and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company." Assigned as error, in excluding from the jury all consideration of whether the injury was done by an employee of defendant acting within the scope of his duty, or was the result of the personal wrong of such employee while acting outside of his authority, the undisputed fact having been shown by the testimony of plaintiff, that the injury was inflicted by a stick of wood thrown off the engine by the fireman on the engine to some colored men for the purpose of making them a fire.

" If you should believe from the evidence that these defendants were engaged in running and operating a train of cars upon a railroad track in this county, and should believe that this plaintiff was standing upon a public road or public street near the line of that track, and that while the train of cars was passing the plaintiff, a stick of wood, billet of wood as described in the declaration, by reason of the negligent conduct of the agents of the company, fell off of the train of cars and hit and injured the foot of the plaintiff as described in the declaration, then he would be entitled to recover." Error, because without evidence to justify it.

" If you should believe from the evidence that in and about the running and operating of its trains, this plaintiff was standing near the track, the agents of the company in running the cars negligently threw off from the railroad car a billet of wood which, falling upon the foot of the plaintiff, inflicted injuries as described in the declaration, the court charges you that the plaintiff

would be entitled to recover." Error, in excluding from the jury consideration of whether the injury was done by an employee of defendant while within the scope of his duty, or was the result of his personal wrong while acting outside of his authority.

"If you should believe from the evidence that this billet of wood was negligently thrown off by a person engaged in handling the cars, running and operating the railroad train, and that in falling it inflicted injuries upon the person of the plaintiff, then the law would presume that it was done through the negligence of the agents and servants of the railroad company, and the plaintiff would be entitled to recover, unless it should appear from the evidence that he could, by the exercise of ordinary and reasonable care, have avoided the consequences of their neglect." Error, for a similar reason to that set forth in the last ground, and as fixing against the defendant a presumption that the law does not place upon it under the testimony.

Other grounds are, that the court erred in not granting a nonsuit on motion, there being no evidence that the agent or employee of defendant was, at the time the injury was inflicted, acting within the prosecution and within the scope of his business; and in failing to charge upon the issue as to whether the injury was done by an employee of defendant acting within the scope of his duty, or was the result of his personal wrong while acting outside of his authority, defendant not having introduced any evidence, but having rested its case on the legal proposition that the causing the injury was done by the fireman while acting outside of his authority, and was the result solely of his personal wrong.

ERWIN, DUBIGNON & CHISHOLM, S. T. KINGSBERY and S. R. HARRIS, for plaintiff in error.

J. W. BENNETT and GARRARD & MELDRIM, contra.