## SOUTHERN RAILWAY COMPANY *v.* HURST.

PER CURIAM. 1. The petition set forth a cause of action, and there was no error in overruling the demurrer.

2. In an action against a railroad company to recover damages for a personal injury, there was evidence tending to show that the plaintiff was employed to aid in packing peaches in a car for shipment; that while sitting in or near a public street in a town, and not far from a railroad-track, awaiting the placing of a car into which the peaches were to be packed, and at a place where he lawfully was, a drawhead spring was precipitated from one of the defendant's freight-cars, which formed a part of one of its trains, passing at a high rate of speed, and struck him in the face, causing injury. *Held,* that there was no error, as applicable to such evidence, in giving in charge Civil Code § 2780, which reads as follows: "A railroad company shall be liable for any damage done to persons, stock, or other property by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employment and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company." The context showed the applicability of this charge to a state of facts under certain evidence; and the court also charged on the subjects of whether the plaintiff was at a place where he had a right to be, and whether he was there for the purpose claimed by him, and whether the defendant was or was not guilty of negligence, and whether the injury was due to an accident for which the defendant was not responsible. In connection with the charge as a whole, the giving of the code section above quoted was not error. *Savannah &c. Ry. Co. v. Slater,* 92 *Ga.* 391 (17 S. E. 350).

3. The requests to charge, in so far as they were pertinent and proper, were covered by the general charge of the court. The grounds of the motion for a new trial other than those specifically dealt with herein do not require a reversal. The evidence authorized the verdict, and the court did not err in refusing to grant a new trial.

(*a*) In one or two of the charges on which error was assigned there were inaccuracies, especially in the charge set out in the eleventh ground of

the motion for a new trial, where the court was dealing with showing negligence by circumstances, and where permissible inference rather than presumption is involved, and where there was a reference to placing the burden on the defendant "of explaining the cause of the occurrence." This was not an accurate statement, and taken alone might perhaps furnish cause for a new trial. *Georgia Railroad &c. Co. v. Hicks*, 95 *Ga.* 301, 306 (22 S. E. 613). But, when considered in connection with the issues involved, the evidence, and the entire charge of the court, this does not require a reversal.

*Judgment affirmed. All the Justices concur, except Fish, C. J., and Evans, P. J., dissenting.*

FEBRUARY 19, 1916.

Action for damages. Before Judge Brand. Banks superior court. January 6, 1915.

*John J. & Roy M. Strickland, C. R. Faulkner,* and *A. J. Griffin,* for plaintiff in error.

*Brown & Randolph, R. S. Parker,* and *H. M. Hampton,* contra.

*Judgment affirmed. All the Justices concur.*