### 669. McCLURG *v.* THE STATE.

1. Parol evidence is not admissible as proof of title to real estate, and it was error to refuse to repel the statements of witnesses as to the ownership of land, when such evidence was properly objected to.
2. The time, place, and circumstances of the act are all relevant for the purpose of disproving malice.

Accusation of misdemeanor, from city court of Moultrie—Judge Shipp. July 1, 1907.

Submitted October 7,—Decided October 14, 1907.

Mrs. H. J. McClurg was convicted under an accusation charging her with having wilfully and maliciously injured and destroyed

a certain gutter used to convey water from the well to the horse lot of B. J. Jones, and being the property of C. H. Christian and B. J. Jones. She excepted to the refusal of a new trial. The grounds of the motion for a new trial, besides those which complained of the verdict as contrary to law, evidence, etc., were as follows: "4th. The solicitor asked B. J. Jones, 'Who owns the premises?' Answer: 'J. B. Norman;' which was objected to by the defense because it sought to prove title to real estate by parol; which objection the court overruled." "5th. The solicitor asked B. J. Jones, 'Upon what premises was this gutter that led from the well to the trough?' which was objected to by the defense because it sought to prove title to real estate by parol; which objection the court overruled." "6th. Because J. B. Norman testified that 'these two roads were on my property;' which was objected to by the defense because it sought to prove title to real estate by parol; which objection the court overruled."

*D. W. Rountree, W. C. McCall, J. D. Wade Jr.,* for plaintiff in error. *W. F. Way, solicitor,* contra.

RUSSELL, J. The turning point in this case is whether the trough or gutter which the plaintiff in error was alleged to have maliciously destroyed, and which she admitted she cut to pieces, was rightfully on the land of another, or whether it was being used (apparently wantonly) to stop up the only road she had to go to her home, and thus destroy her only means of ingress or egress from her property. The destruction of the property alleged in the accusation was admitted. The only other question that could arise in the case was, whether the destruction was malicious. If the gutter was on land on which it properly belonged, the law might infer malice from the fact of the destruction. If it were on a roadway, the circumstances leading up to the destruction might rebut the presumption of malice. Over the objection of defendant's counsel, the court permitted parol evidence as to the ownership of the land where the gutter was alleged to have been placed; and in this we think the court erred. As stated by the Supreme Court in *Bleckley* v. *White,* 98 *Ga.* 598 (25 S. E. 592), "the law goes quite far enough in presuming possession rightful." The bare statement of a witness that he owns certain real estate is no proof of title. It is uncontradicted, in the evidence, that the gutter or water-trough from Jones' well to the horse lot was built across what had been used for from eighteen to

twenty-one years as a private road, leading from the public road to Mrs. McClurg's home. This being true, Jones and Christian would have had no right to close this road by building a trough thirty-five feet in length, leading from the well to the horse lot, even though, by changing her course of travel, Mrs. McClurg could have gone around the well and back into the road beyond the trough; and as it appears that Mrs. McClurg had frequently been compelled, at no little trouble and inconvenience, as well as the exercise of physical force, to lift the middle portion of the trough or gutter, which was fifteen or sixteen feet long, out of the road in order to effect a passage, and as this road was her mill-road, market-road, and road to her mail-box, it can not be said that this blocking of her only means of ingress and egress to her home was not vexatious. Whether the destroying of this heavy obstacle was or was not malicious is, of course, a question for the jury. As to whether, when Mrs. McClurg cut this gutter to pieces, she was influenced by ill will towards the owners of the gutter, or whether, even though illegally, she was endeavoring to relieve herself from an unwarranted and aggravating invasion of her right of locomotion, is to be determined by the jury. To show that the gutter is on land owned by a private individual overcomes the presumption of innocence; and in every criminal case this presumption can be overcome only by legal evidence. The evidence of Jones and Norman, as set out in the 4th, 5th, and 6th grounds of the motion for new trial, was not such legal evidence. The objections offered to the admission of this testimony were proper and timely. Title to land can not be shown by the statement of a witness that he owns the land. There was, therefore, no proof to contradict the testimony in behalf of the plaintiff in error, that the gutter was erected across a private road; and the verdict was, for that reason, without evidence to support it. *Judgment reversed.*