## 3883. WOODS v. THE STATE.

1. While good faith may be pleaded as a defense by one prosecuted under the Penal Code (1910), § 781, for maliciously and wilfully injuring and destroying private property, a mere assertion of ownership, though made at the time the property is injured or destroyed, and subsequently repeated, does not demand a finding that the accused acted under an honest claim of right; especially in the absence of any evidence to support such claim.

2. One guilty of maliciously injuring and destroying the private property of another, to wit, "a certain plank and board fence," on his farm, "by then and there tearing down said fence and by splitting and destroying the plank and boards of said fence," may be prosecuted and convicted under the Penal Code (1910), § 781.

3. It is not error to instruct the jury, in reference to the prisoner's statement, that they may believe it in whole or in part, in preference to the evidence, nor to add: "It is a question entirely for you to say just what weight and credit, if any, you will give to the statement."

4. In the present case it was not error, prejudicial to the accused, to charge, that "the title to the land in question will not in any way be affected by your verdict in this case. We can not settle disputes as to titles to land in this court."

5. Where it appears that the property described in the indictment was the private property of the person therein named, and that it was wilfully injured or destroyed in manner and form as alleged, a prima facie case is made out for the State.

6. No error of law appears, and the evidence warranted the verdict.

DECIDED JANUARY 30, 1912.

Certiorari; from Wayne superior court—Judge Conyers. November 2, 1911.

*Wilson, Bennett & Lambdin,* for plaintiff in error.

*J. H. Thomas, solicitor-general,* contra.

POTTLE, J. The accused was convicted in the county court under an indictment based upon the Penal Code (1910), § 781, charging that he had wilfully and maliciously injured and destroyed a plank and board fence, the private property of one Broadhurst, located on his farm, known as the Moody place. The judge of the superior court refused, on certiorari, to disturb the verdict, and this is the error assigned.

1. The evidence for the State showed that the land on which the fence in question was located was the property of the prosecutor, Broadhurst. The fence had been built by him several years before the transaction referred to in the indictment took place, and during all this time was in the possession of the prosecutor and claimed by him. The accused owned the adjoining farm. On or

about the time alleged in the indictment he injured and destroyed a portion of the fence by sawing out of the plank sections about six inches long, and pulling down a portion of the fence. Other portions fell down after having been sawed through, as above described. The accused claimed that he owned the land upon which the fence was located. He told the prosecutor and one or two others that he intended to tear down the fence because it was on his land. His counsel insist that the evidence demanded a finding that he destroyed the fence under an honest claim of right, and that for this reason his conviction was unauthorized. Good faith is peculiarly a question for the jury. The accused introduced no evidence of his title or previous possession of the disputed land, but contented himself merely with proof of his own prior declarations in reference to his claim of ownership. A mere claim of ownership could not excuse him, nor would it be conclusive evidence of good faith. Certainly one can not justify an injury to his neighbor's dwelling, in which the neighbor has resided for many years, upon mere proof that at the time the injury was done, the perpetrator of the act said that the dwelling was his, and not his neighbor's, without offering something in support of his claim of ownership other than his own assertion of title. The jury in the present case had the right to find that the claim of the accused was a mere pretext, and not made in good faith. The judge of the superior court, on certiorari, has approved their verdict, and this court can not say that there was not some evidence to justify this finding.

2. It is further contended that while the acts of the accused may have amounted to an indictable trespass, under the Penal Code (1910), § 216, par. 3, he can not be convicted under § 781. Counsel rely upon the language of Mr. Justice Simmons in *Crockett* v. *State,* 80 *Ga.* 105 (4 S. E. 254), to the effect that the law now embodied in section 781 of the Penal Code does not embrace any crime already defined in the Penal Code. In that case the accused was indicted for setting fire to a dwelling-house, and convicted of malicious mischief. The Supreme Court held that his motion in arrest of judgment should have been sustained, because the offense for which he was convicted was not involved in the indictment. In the present case there was neither demurrer nor motion in arrest. The indictment charges the offense generally, in the language of § 781, and then specifically describes the particular act com-

plained of. So there can be no doubt that the grand jury intended to charge a violation of this particular section. The real complaint of the plaintiff in error is against the indictment; and the point should have been raised by motion to quash, or at least by motion in arrest. So far as this point is concerned, a new trial under this indictment would be of no benefit to the accused. But the Penal Code (1910), § 216, par. 3, makes criminal only "the pulling down or removing any fence or inclosure," and the act need not be wilful. *Shrouder* v. *State,* 121 *Ga.* 615, 617 (49 S. E. 702). Here the charge is more comprehensive, and involves some elements not covered by the section last mentioned.

3. Complaint is made that in charging upon the prisoner's statement the court used this language: "They may believe it in whole or in part, or they may disregard it entirely, or they may believe it in preference to the sworn testimony in the case, if they see proper to do so. It is a question entirely for you to say just what weight and credit, *if any,* you will give to the statement." In *Smith* v. *State,* 8 *Ga. App.* 680, 682 (70 S. E. 42), this court said: "It must be understood that the jury has the right to believe the accused's statement in whole or in part, or to disbelieve all of it; they may believe part of it in preference to the testimony, and then disbelieve other parts even though there is no contradictory testimony." The words, "if any," did not unduly minimize the importance of the statement, and this court will not assume that they were uttered in such a way as to have this effect. However, as repeatedly held, both by the Supreme Court and this court, the practice of confining the charge on this subject to the exact language of the statute is much better.

4. Error is assigned upon the following charge: "The title to the land in question will not in any way be affected by your verdict in this case. We can not settle disputes as to titles to land in this court." The complaint is, not that the instruction is abstractly wrong, but that the court should have charged the jury to consider whether at the time the fence was destroyed the accused bona fide claimed the land. We have read the entire charge carefully, and we think the instructions in reference to the guilt or innocence of the accused were sufficient, in the absence of proper request for a more specific statement of his contentions. The charge could not have been prejudicial to the accused, but was rather more harmful

to the State, because the accused introduced no evidence of his title, and the prosecutor did. In this respect the case differs from *Hateley* v. *State,* 118 *Ga.* 79 (44 S. E. 852).

5. Complaint is made of the following extract from the charge: "The court charges you further that should you find that the defendant did injure or destroy the fence in question of W. J. Broadhurst's, you would be authorized to presume that such injury and destruction was done maliciously and wilfully, and you should so find, unless this presumption has been rebutted to your satisfaction." We find no error in this instruction. If the fence was in fact Broadhurst's, and at a place where he had a right to put it, proof that the accused injured the fence in the manner described in the indictment would cast upon him the onus of proving that he destroyed the fence, honestly believing he had a right to do so. See *McClurg* v. *State,* 2 *Ga. App.* 624 (58 S. E. 1064).

6. It was not error, under the evidence, to instruct the jury not to consider any of the prosecutor's subsequent acts. The charge sufficiently covered the issues, in the absence of a request for more explicit instructions.                    *Judgment affirmed.*