HARWELL *et al. v.* BLUE'S TRUCK LINE INC., *et al.*

No. 12286. SEPTEMBER 15, 1938. REHEARING DENIED OCTOBER 15, NOVEMBER 19, 1938.

*E. W. Maynard* and *S. G. Jones,* for plaintiff in error.

*Martin, Martin & Snow* and *E. O. Dobbs,* contra.

ATKINSON, Presiding Justice. ■ A proper case for grant of the writ was presented in the instant case which involves proper construction and application of statutes embodied in the Code, § 68-302, relating to mounting of lamps upon automobiles and trucks using the highways at night, and § 68-303, providing rules of traffic for persons operating vehicles on the highways. There is no merit in the motion to dismiss the writ of certiorari. See also *Kelly* v. *Locke,* 186 *Ga.* 620 (198 S. E. 754).

■ The third division of the decision of the Court of Appeals holds: "The charge of the court that if the jury should believe that the defendant did not have 'at least two lamps of approximately equal candle-power mounted on the right and left side of said truck, as required by law,' this would be negligence per se, while being an excerpt from the provisions of the statute (Code, § 68-302) which the court had already given in charge to the jury, which statute, as charged by the court, went further and referred to the lights required as being 'front lamps,' was not a clear statement that the lamps referred to had reference to the front lamps

on the truck, but it was calculated to cause the jury to infer that the court was instructing them that the two lamps required by law were not the front lamps as the law required, but were lamps on each side of the truck." In the petition for certiorari error is assigned upon this ruling, on various grounds, including among others that the court misconstrued the motor-vehicle law referred to. It is stated in the assignments of error that the charge "at least two lamps of approximately equal candle-power mounted on the right and left side of said truck, as required by law," was in the exact language of the statute, and was clear; that it was not calculated, as ruled by the reviewing court, to cause the jury to infer that the court was instructing them that the two lamps required by law were not the front lamps, as the law required, but were lamps on each side of the truck. So far as pertinent the Code, § 68-302, declares: "Every motor vehicle using the highways at night shall be equipped with a lamp or lamps clearly visible for a distance of not less than 100 feet from the front and rear. 'Front lamps'—Every motor vehicle and tractor shall be provided with at least two lamps of approximately equal candle-power, mounted on the right and left sides thereof, . . The front lamps shall throw light to a reasonable distance in the direction in which such vehicle is proceeding and shall be provided with a suitable device for dimming or changing focus, so as to prevent dangerously glaring or dazzling rays from the lamps in the eyes of approaching drivers. 'Rear lamp'—Every motor vehicle, tractor, and trailer shall have on the rear thereof, and to the left of the axis thereof, one lamp capable of displaying a red light visible for a distance of at least 100 feet behind such vehicle: Provided, that when a vehicle shall be used in conjunction with another vehicle or vehicles, only the last of such vehicles shall be required to carry such lamp. Every motor vehicle, tractor, trailer, . . when on highways at night, shall carry a lamp illuminating with white lights the rear registration plate of such vehicle, so that the characters thereon shall be visible for a distance of at least 50 feet." The statute particularly speaks of "front lamps" and their functions; also of "rear lamp" and its functions. Properly construed with the context, "front lamps" referred to in this provision of the Code are lamps mounted at the front of the vehicle on the right and left sides thereof that shall throw light for a reasonable dis-

tance in the direction the vehicle is proceeding. The "right and left sides" refer to one lamp at the right side of the front of the vehicle and one lamp at the left side of the front of the vehicle. There is no requirement for mounting lamps on the right or left side of the vehicle at spaces between the rear and front thereof. Under such construction there was no confusion in the statute as to the places on the vehicle the lights were required to be mounted. The language of the charge "at least two lamps of approximately equal candle-power mounted on the right and left side of said truck, as required by law," being the language of the statute, considered with the context was not confusing or misleading. As the statute required the mounting of lights as therein expressed, use of the car on the highway at night not equipped with such lamps would be negligence per se. The Court of Appeals erred in holding that the charge was erroneous on the ground that the charge, considered in connection with the provisions of the Code, was confusing and misleading.

■ In the fourth division of the opinion the Court of Appeals ruled: "Since there is no statute requiring that a truck which is backing on a highway have a lamp or a light on the left side of the truck, and the only statute in reference thereto, as found in Code, § 68-302, is that 'every motor vehicle, tractor, and trailer shall have on the rear thereof, and to the left of the axis thereof, one lamp capable of displaying a red light visible for a distance of at least one hundred feet behind such vehicle,' the charge of the court that if the jury should believe that the truck was parked on the highway, or was backing on the highway, at the time and place complained of, 'without having at least one lamp or light on the left side thereof, that would be negligence per se,' was not a correct statement of the law. If the court in this charge had reference to the red light required by the statute on the rear of an automobile to the left of the axis thereof, the language was insufficient to clearly so indicate and to instruct the jury that the court had reference to such red light on the rear of the vehicle as required by law. There being evidence to the effect that the trailer of the motor truck of the defendant company, with which the other automobile collided, was parked, or was backing, with the left wheels thereof on the left of the middle line of the road, without the red light required by law, the charge was prejudicial to the

defendants in that it erroneously instructed the jury that the failure of the defendants to have a light on the left side of the truck was negligence as a matter of law." And in the fifth division it is ruled: "There is no statute of this State prohibiting the running of an automobile or a truck or a trailer backwards on either side of the road. Where the evidence authorized the finding that the defendant company's truck, with the trailer attached, was being backed, and that the automobile in which the deceased was riding ran into the trailer, and the deceased was killed, it was error for the court to charge the jury that if the driver of the truck 'backed' the truck 'with the left end of the trailer on the left-hand side of the center of said highway,' looking towards the direction which the truck was facing, that would be negligence per se. Such act was not a violation of law, and therefore was not negligence per se. The charge was error prejudicial to the defendants, and requires the grant of a new trial. See *Eubanks* v. *Mullis*, 51 *Ga. App.* 728 (181 S. E. 604)."

The pertinent portions of the statute relating to lights are quoted in the preceding division. The pertinent portions of the Code, § 68-303, are: "Every person operating a vehicle upon the highways shall observe the following traffic rules and regulations: (a) All vehicles not in motion shall be placed with their right sides as near the right side of the highway as practicable, except on city streets where traffic is obliged to move in one direction only. (b) Slow-moving vehicles shall at all times be operated as close to the right-hand side of the highway as practicable." The requirements of the law as to lights apply to "every motor vehicle using the highways at night." The statute does not say moving forward or moving backward, not the one more than the other, but simply *using* the highways. The requirements as to displaying "front lamps" and a "rear red lamp" to the "left of the axis" are for safety of the vehicle itself and its users or occupants, as well as for the safety of other vehicles and their users, or others using the highways at night. The "front lamps" as well as the rear red lamp are all designed to afford light and are instrumentalities of safety, which the law requires. They differ in character and manner of protection, but all have the same object of safety. The stronger front lamps are to enable the driver to better see the way and objects in front, as well as to be seen from the front; also by

reflection to aid any person approaching from the rear in detecting its presence. The red light at the rear is to attract attention and give warning of danger to those approaching from the rear. They are all reasonable and required by statute. The same may be said of the statute regulating traffic as embodied in § 68-303, supra. It applies to "every person operating a vehicle upon the highways," whether or not in the day or night time, and whether or not the car or truck is moving backward or forward. All the foregoing requirements as to front lights and rear red light and as to traffic are applicable whether the car be standing in the highway or moving forward or backward. This being so, it is negligence per se to use an automobile at night on the highway without compliance with each of them. Accordingly, it was erroneous to hold that it was not a correct statement of the law for the trial judge to charge "that if the jury should believe that the truck was parked on the highway, or was backing on the highway, at the time and place complained of, 'without having at least one lamp or light on the left side thereof, that would be negligence per se.' "

*Judgment reversed. All the Justices concur, except Bell and Jenkins, JJ., who dissent.*

BELL and JENKINS, Justices, dissenting in part. The plaintiffs recovered a verdict for damages. A motion for a new trial, filed by one of the defendants, was overruled, and the defendant excepted. The Court of Appeals reversed the judgment, and under its decision the verdict would have been set aside and a new trial granted. The plaintiffs presented to this court a petition for the writ of certiorari, assigning error upon the rulings of the Court of Appeals, so far as adverse to them. The petition was granted, and the case is now before this court for review. In determining whether the rulings of the Court of Appeals were erroneous, it is proper to look at the case just as it was presented to that court on exceptions to the judgment of the trial court. 1. The Code, § 68-302, prescribes the manner in which a motor vehicle using the highways at night shall be lighted. So far as pertinent the section is as follows: "Every motor vehicle using the highways at night shall be equipped with a lamp or lamps clearly visible for a distance of not less than 100 feet from the front and rear. 'Front lamps'—Every motor vehicle and tractor shall be provided with at least two lamps of approximately equal candle power,

mounted on the right and left sides thereof, and every motorcycle shall have mounted on the front thereof at least one lamp. The front lamps shall throw light to a reasonable distance in the direction in which such vehicle is proceeding and shall be provided with a suitable device for dimming or changing focus, so as to prevent dangerously glaring or dazzling rays from the lamps in the eyes of approaching drivers. 'Rear lamp'—Every motor vehicle, tractor, and trailer shall have on the rear thereof, and to the left of the axis thereof, one lamp capable of displaying a red light visible for a distance of at least 100 feet behind such vehicle: Provided, that when a vehicle shall be used in conjunction with another vehicle or vehicles, only the last of such vehicles shall be required to carry such lamp. Every motor vehicle, tractor, trailer, or motorcycle, when on highways at night, shall carry a lamp illuminating with white lights the rear registration plate of such vehicle, so that the characters thereon shall be visible for a distance of at least 50 feet."

It appears from the record that the quoted portion of this section was given in charge to the jury by the trial judge, except that he omitted the words "front lamps" and "rear lamp" as used in the statute at the beginning of the second and third paragraphs respectively. This particular charge was not complained of in the defendant's motion for new trial, but other portions of the charge which were assigned as error should be construed in the light of it. Later the judge charged the jury that if they believed that "the defendants did not have at least two lamps of approximately equal candle power mounted on the right and left side of said truck, as required by law, this would be negligence per se." This charge was assigned as error in ground 6 of the motion for a new trial, upon several grounds, one of which was that "the law did not require the truck or trailer to have lights on either side of it." This ground was dealt with by the Court of Appeals in the third division of the decision under review. In passing on this ground, the Court of Appeals noted the fact that the statute which the judge had previously given in charge went further than the *charge itself* and referred to the lights required as being "front lamps," and, after stating this difference, proceeded to hold that the charge complained of "was not a clear statement that the lamps referred to had reference to the front lamps on the truck, but it

was calculated to cause the jury to infer that the court was instructing them that the two lamps required by law were not the front lamps as the law required, but were lamps on each side of the truck." The words "front lamps" as contained in the statute were material and necessary to a proper understanding of the requirement as to having the motor vehicle equipped "with at least two lamps of approximately equal candle power mounted on the right and left sides thereof," and this is true notwithstanding a later reference in the statute to "front lamps."

In view of the omission stated, the charge as previously given in accordance with statute, except for such omission, and the charge here under consideration, would, if taken together, read as follows: "Every motor vehicle and tractor shall be provided with at least two lamps of approximately equal candle power, mounted on the right and left sides thereof, and every motorcycle shall have mounted on the front thereof at least one lamp. The front lamps shall throw light to a reasonable distance in the direction in which such vehicle is proceeding and shall be provided with a suitable device for dimming or changing focus, so as to prevent dangerously glaring or dazzling rays from the lamps in the eyes of approaching drivers. I charge you, if you believe that the defendants did not have at least two lamps of approximately equal candle power mounted on the right and left side of said truck, as required by law, this would be negligence per se." The only references made in the charge to "front lamps" were in giving the provision as to motorcycles and in giving the last sentence of paragraph 2 of the Code section, which as will be noticed immediately follows the provision that "every motorcycle shall have mounted on the front thereof at least one lamp." The motion for new trial as approved by the judge recited: "Movant in support of its contention that the driver of the car in which Mrs. Harwell was riding was paying no attention to the road at the time of the accident, showed by its witness that not only was the truck's rear lights burning, but that lights on the left and right side of the truck were burning, as well as the front lights. The plaintiffs' witnesses testified that no lights, either front, rear, or side were burning." It thus appeared that although there is no statute as to mounting lights on the side of a motor vehicle except on the right and left sides of the *front* of the vehicle, there was a conflict in the evidence as to whether

this truck was actually equipped with side lights, in addition to front and rear lights. The foregoing being all that was charged on the subject of front lamps, the Court of Appeals, under the facts of the case, properly held that the charge complained of, as to side lights, was not a clear statement of the law as to the lights required. Apparently, since the judge, in reading the statute, omitted the preliminary words "front lamps," the jury could have understood the charge as giving rules with reference, first, to side lights; second, to motorcycle lights; and third, to front lights; and it does not follow that the jury must have known that in using the words "side lights" and "front lights" the judge was referring to the same lights, and the lights so referred to were only those required by law to be attached to right and left sides of the *front* of the vehicle. Especially is this true since there was a conflict in the evidence as to whether the truck involved in this case was in fact equipped with side lights located on the sides of the truck between its front and rear.

2. In ground 5 of the motion for a new trial, error was assigned upon the following charge: "If you believe from the evidence that said truck was parked on the highway, or was backing on the highway at the time and place complained of without having at least one lamp or light on the left side thereof, that would be negligence per se." This was assigned as error on the ground, among others, that "the law did not require a lamp or light on the left side of said truck or trailer." This charge was dealt with in the fourth division of the decision of the Court of Appeals. From what has been said above, this charge was erroneous, unless it should have been understood as referring to the one lamp displaying a red light required by the statute to be affixed on the rear of the vehicle and "on the left of the axis thereof." The Court of Appeals properly held that the charge was not a correct statement of the law, in that if it "had reference to the red light required by the statute on the rear of an automobile to the left of the axis thereof, the language was insufficient to clearly so indicate and to instruct the jury that the court had reference to such red light on the rear of the vehicle as required by law," and that the charge was prejudicial to the defendants "in that it erroneously instructed the jury that the failure of the defendants to have a light on the left side of the truck was negligence as a matter of law."

Since the rulings of the Court of Appeals to which reference has just been made were correct, there is no merit in the exceptions taken to these rulings in the petition for certiorari, and to this extent the decision of the Court of Appeals should be affirmed.

3. In another ground, the number of which does not appear in the record but which in proper sequence would have been numbered 7, the defendants assigned error upon the following charge: "I charge you that if you believe that Byron Rocker, the driver of Blue's Truck Lines Inc., backed said truck or parked said truck with the left end of the trailer on the left-hand side of the center of said highway looking towards Barnesville from Forsyth, that would be negligence per se." This charge was assigned as error upon the ground, among others, that "it was not negligence per se for it to back said truck with the left end of the trailer on the left-hand side of the center of said highway." With reference to this ground the Court of Appeals, in the fifth division of its opinion, held as follows: "There is no statute of this State prohibiting the running of an automobile or a truck or a trailer backwards on either side of the road. Where the evidence authorized the finding that the defendant company's truck, with the trailer attached, was being backed, and that the automobile in which the deceased was riding ran into the trailer, and the deceased was killed, it was error for the court to charge the jury that if the driver of the truck 'backed' the truck 'with the left end of the trailer on the left-hand side of the center of said highway,' looking towards the direction which the truck was facing, that would be negligence per se. Such act was not a violation of law, and therefore was not negligence per se. The charge was error prejudicial to the defendants, and requires the grant of a new trial." This portion of the decision of the Court of Appeals was assigned as error in the petition for certiorari upon various grounds, one of which was as follows: "Petitioners contend that to back a trailer or truck or any motor vehicle slowly on the left-hand side of the highway is a violation of the law and negligence per se, and that the Court of Appeals erred in holding to the contrary."

The Code, § 68-303, contains the following traffic regulations: "a. All vehicles not in motion shall be placed with their right sides as near the right side of the highway as practicable, except on city streets where traffic is obliged to move in one direction only.

b. Slow-moving vehicles shall at all times be operated as close to the right-hand side of the highway as practicable." By an act approved on March 28, 1935, it was declared that "it shall be unlawful for any person to stop or park any automobile, automobile truck, tractor, trailer, or other motor vehicle . . on or along any State-aid road or highway, unless such vehicle be placed so that it is at least eight feet removed from the center line of such State-aid road or highway; and such vehicle shall be so parked that no portion thereof shall be within eight feet of the center line of such State-aid road or highway." Ga. L. 1935, p. 443 (Code, § 68-314). In view of the foregoing statutes it would seem that the Court of Appeals erred in holding that "there is no statute of this State prohibiting the running of an automobile or a truck or a trailer backwards on either side of the road." While the mere backing of an automobile might not be negligence per se under any and all circumstances (Budish v. Villaume Box & Lumber Co., 181 Minn. 259 (232 N. W. 264); 2 Blashfield's Automobile Law, 280, § 1106; 5 Am. Jur. 680, § 328), it could not be said that there is no statute which prohibits "the running" of a motor vehicle backwards on either side of the road. When all of the quoted regulations are considered together, and especially in view of the prohibition against the stopping or parking of any motor vehicle on or along any State-aid road or highway with any portion thereof within eight feet of the center line, it would seem that the judge correctly charged that the backing of a truck "with the left end of the trailer on the left-hand side of the center of the said highway" would be negligence per se, and that the Court of Appeals erred in holding that "such act was not a violation of law, and therefore was not negligence per se." The defendant raised no question as to whether the road was a "State-aid road or highway" within the purview of the act of 1935, having assigned the charge as error solely upon other grounds. The trial judge elsewhere instructed the jury to the effect that compliance with this statute would not be required if the width of the road was insufficient for such compliance, or if the motor ceased to run, making it impossible to proceed further. Cf. *Kelly* v. *Locke,* supra. Accordingly, as to the fifth division of the decision under review, the assignments of error contained in the petition for certiorari are well taken, and to that extent the decision should be reversed.

As will be seen, the foregoing opinion dissents only in part from the rulings made by the majority. In this view the *decision* of the Court of Appeals should be affirmed in part and reversed in part, but the *judgment* of that court by which a new trial was ordered should be affirmed, since the judgment of the trial court was properly reversed for the errors pointed out in the third and fourth divisions of the decision under review. We are in full accord with the other members of the court in holding that for reasons stated in the first division of the majority opinion the writ of certiorari was properly granted.