32172.   REEVES *v.* McHAN *et al.*
32173.   McHAN *v.* REEVES *et al.*

DECIDED NOVEMBER 13, 1948.   REHEARING DENIED DECEMBER 15, 1948.

*Dunaway, Riley & Howard, James M. Embry,* for plaintiff.
*Noah J. Stone, Andrews & Nall,* for defendant.

PARKER, J. ■ Under the rulings in *Fender* v. *Drost,* 62 *Ga. App.* 345 (7 S. E. 2d, 800), *Harwell* v. *Blue's Truck Line Inc.,* 187 *Ga.* 78 (199 S. E. 739), and *Sprayberry* v. *Snow,* 190 *Ga.* 723 (10 S. E. 2d, 179), we think that the petition stated a cause of action against McHan. The defendant cites the case of *Buchanan* v. *Ellis,* 39 *Ga. App.* 840 (149 S. E. 100), as holding otherwise. That case was distinguished in *Fender* v. *Drost,* supra, for the reasons therein stated. The cases of *Fraser* v. *Hunter,* 42 *Ga. App.* 329 (156 S. E. 268), and *State Highway Department* v. *Stephens,* 46 *Ga. App.* 359 (167 S. E. 788) are also easily distinguished on their facts. Under the plaintiff's allegations, our view is that Petroleum Carrier Corporation and Mc-Han were joint tort-feasors. "Persons guilty of separate acts of negligence which jointly and concurrently co-operate in causing an injury, are joint tort-feasors and may be sued as such. *Akin* v. *Brantley,* 26 *Ga. App.* 326 (106 S. E. 214) ; *Mashburn* v. *Dannenberg Co.,* 117 *Ga.* 567 (44 S. E. 97). Plaintiff may sue one or all of such joint tort-feasors; and where she sues all, she may dismiss as to one defendant without affecting her rights as to the other defendant. *Wall* v. *Wall,* 176 *Ga.* 757, 759 et seq. (168 S. E. 893)." *City of Atlanta* v. *Harris,* 52 *Ga. App.* 56 (182 S. E. 202). The fact that some of the negligence charged to Mc-Han was classified as negligence per se, and other negligence charged to him was not so designated, would not invalidate the petition or subject it to demurrer. "The plaintiff may rely upon an act or omission as constituting negligence as a matter of fact under the circumstances, or upon the violation of a statute as amounting to negligence per se or as a matter of law. Furthermore, the facts may be so pleaded as to show negligence of

both classes in the same action." *Donaldson* v. *Great Atlantic &c. Tea Co.*, 186 *Ga.* 870, 873 (199 S. E. 213, 128 A. L. R. 456).

■ The special demurrer of McHan on the grounds that the petition was multifarious and that there was a misjoinder of parties and causes of action should have been sustained. The settled law of this State with reference to the joinder of actions is that an action arising ex delicto may not be joined in the same suit with a claim arising ex contractu. Code, § 3-113 and annotations. The plaintiff relies on the exception to the general rule contained in the statute permitting the joining in one suit of the motor carrier and its surety, or the motor carrier and the insurance carrier, as the case may be. Code (Ann. Supp.), § 68-612. That statute as originally enacted in 1931 did not permit the joining in one suit of the motor carrier and its surety or insurer, and the amending act of 1937 now relied on by the plaintiff merely added two sentences to the original act as follows: "It shall be permissible under this chapter for any person having a cause of action arising hereunder in tort or contract, to join in the same suit the motor carrier and its surety, in the event a bond is given. If a policy of indemnity insurance is given in lieu of a bond, it shall be permissible to join the motor carrier and the insurance carrier in the same action whether arising in tort or contract." Prior to the amendment referred to it was held that the statute was in derogation of the common law and must be strictly construed. That holding was made in a case in which the plaintiff sued the motor carrier and its insurer in the same action. In holding that a demurrer to the petition should have been sustained, on the ground that there was a misjoinder of causes of action and a misjoinder of parties defendant, the court said: "In the absence of express provisions to that effect in the statute, it will not be construed to change the general and settled law of this State with reference to the joinder of actions." *Russell* v. *Burroughs*, 183 *Ga.* 361 (188 S. E. 451). Certainly the amendment to the original statute must also be strictly construed, and it does not expressly or otherwise provide for the joining in one suit of an action ex contractu against an insurance company and an action in tort agaist a third person in no way connected with the insurance company. We are aware

of the holding of this court in *Tarrant* v. *Davis*, 62 *Ga. App.* 880 (10 S. E. 2d, 636), that the driver of the truck of the motor carrier may be joined as a defendant in an action against the principal and his surety for damages from injuries arising by reason of the negligence of such driver. That decision is based on the theory of principal and agent, and on the theory that the driver was in privity with the motor carrier. Of course, those conditions do not apply in the instant case.

It is our conclusion that the court erred in sustaining the general demurrer of McHan to the petition of the plaintiff, and in dismissing the action on general demurrer as to him. We think also that the court erred in not sustaining the first and second grounds of the special demurrer which pointed out the multifariousness and misjoinder of parties and causes of action.

*Judgment reversed on the main bill and on the cross-bill of exceptions. Felton, J., concurs. Sutton, C. J., concurs dubitante.*