32932. STATE FARM MUTUAL AUTOMOBILE INS. CO. *v.* HENDERSON *et al.*

Decided May 3, 1950.

542

544

*J. G. B. Erwin, Harbin M. King,* for plaintiff.

*James B. Langford, Henry L. Barnett,* for defendants.

GARDNER, J. ■ Under the facts of this case it was a jury question as to whose negligence and what negligence was the proximate cause of the injury. The evidence in some respects is conflicting but the jury resolved the evidence against the plaintiff. Since there is some evidence upon which to base the verdict, this court is without authority to set it aside. We see no good purpose to be served in reciting the evidence in detail here, so far as the general grounds are concerned. This brings us to the two special grounds, which we will now consider. We will deal with them together, since they are so closely related.

■ Special ground 1 assigns error upon the following charge of the court:

"I give you in charge, gentlemen, Code § 68-302, or part of that section: 'Every motor vehicle and tractor shall be provided with at least two lamps of approximately equal candle power, mounted on the right and left sides thereof, and every motorcycle shall have mounted on the front thereof at least one lamp. The front lamps shall throw light to a reasonable distance in the direction in which such vehicle is proceeding and shall be provided with a suitable device for dimming or changing focus, so as to prevent dangerously glaring or dazzling rays from the lamps in the eyes of approaching driver.' "

The assignments of error on this excerpt from the charge are (a) it was inapplicable to the facts of this case for the reason that it was undisputed that the collision occurred within the city limits of Calhoun, Georgia, on a street 26 feet 5 inches wide; that plaintiff's automobile was parked on the sidewalk with the left wheels within 2 feet of the curb, facing north between two street lamps, the nearest being 100 feet north of the parked automobile and the automobile truck of the defendant was proceeding south on the opposite side of the street and cut diagonally across the street and collided with plaintiff's automobile, (b) it was confusing to the jury for the reason that said charge was

applicable only as to moving automobiles proceeding upon the highway.

Special ground 2 assigns error on the following excerpt from the charge of the court:

"I charge you that it was the duty of the plaintiff, Dixie Bell Spread Company, or its agent, Irving Funk, in parking on the highway, if you find they parked on the highway at night, it would be their duty to have lights burning so as to warn anyone approaching from either direction and failure to do that would be negligence per se. Negligence per se means negligence as a matter of law and negligence means the failure to use ordinary care."

Error is assigned on this ground as follows: "(a) It was inapplicable to the facts of this case for the reason that it was undisputed that the collision occurred within the city limits of Calhoun, Georgia, on a street 26 feet 6 inches wide; that plaintiff's automobile was parked on the sidewalk with the left wheels within 2 feet of the curb, facing north between two street lamps, the nearest being 100 feet north of the parked automobile and the automobile truck of the defendant was proceeding south on the opposite side of the street and cut diagonally across the street and collided with plaintiff's automobile.

"(b) It was an expression of opinion by the court to the jury for the reason that it was not a negligent act as to the defendant for the plaintiff to park its automobile without lights under the circumstances and facts of this case.

"(c) It was prejudicial and harmful to movant for the reason that said charge would be applicable only in the event that the jury should find that the plaintiff had parked its automobile in a dark place or in the dark."

In order to clearly understand the contentions, we deem it here necessary, in view of the pleadings, to set forth substantially the evidence. The agent of the plaintiff testified substantially that in 1944 he parked the plaintiff's car at the point of the collision in approximately the place and condition alleged in the plaintiff's petition and testified as to the value of the automobile. Witness Hood testified for the plaintiff substantially that at about 6 p. m. on the date of the collision, the

agent of the plaintiff parked the automobile of the plaintiff; that witness did not recall whether the automobile was parked on the sidewalk or in the street; that about 8 p. m. the defendant was in his home directly in front of the scene of the collision; that the automobile was parked approximately 250 to 300 feet from a street light on the opposite side, south, from where the plaintiff's automobile was parked; that there was a street light also about 100 feet across the street, north, from where the automobile was parked. The witness had not measured the distance but he went with the attorney for the plaintiff afterwards and they measured it; that witness had forgotten, but he thought the measurement of the attorney was correct and that the witness would say that the street at the point of collision was 26 feet, 5 inches wide; that at the hour of 8 p. m. the witness heard a noise from outside his home; that at the time the witness did not recall whether the street lights were burning or not at the time of the collision; that he went outside his home to investigate the cause of the commotion he heard; that he found that the pick-up truck of the defendants had hit the car on the left and the truck was on the left-hand side of the street, facing south. The witness further testified that he did not know the exact position of the plaintiff's car after the collision; that it was not in the place where it was parked at 6:30 p. m. He did not remember whether the plaintiff's automobile was on the sidewalk or in the street, since it had been so long from the time of the collision to the time of the trial. He testified that the plat drawn by the plaintiff's attorney and afterwards introduced in evidence *reasonably* represented the scene at the place of the collision. He further testified, "Yes, the automobile and pick-up truck were visible when I got out in the street, . . but when I got out there several cars had pulled up and stopped. Yes, I could see them. Yes, I could see the people and identify the features of the people."

On cross-examination the witness testified that the automobile of the plaintiff was parked in front of the "It'll Do Apartments." Witness testified that he had seen Mr. Ben Winkler, an employee of the defendants, and his wife, driving the automobile of the defendants as well as Mr. Funk, the agent. The witness did not know whether Mr. Winkler or Mr. Funk moved

the car between the time it was parked at 6:30 and at the time of the collision.

Mr. Harbin King, counsel for the plaintiff, testified that he made certain measurements in 1948 after the collision occurred in 1944 and that the street at the time of the measurement was 26 feet 5 inches wide from curb to curb. He identified the lights as testified to by the witness Hood.

On cross-examination the witness testified that he was not present at the scene of the collision which occurred in 1944; that he made the measurements and the plat in 1948; that while the witness was not at the point in 1944, the street was unchanged; that he had been up there a number of times; that he had not seen any "no parking signs." The plaintiff introduced the drawing made by the attorney.

One of the defendants, Ralph Henderson, was called for cross-examination by the plaintiff. He testified as to his residence. That on the date of the collision in 1944 the witness had started to town to a show; that he was traveling south into Calhoun, Georgia. He further testified, "As I approached the point of collision there was a car pulled around me and almost stopped. I pulled around him. Yes, sir, my brakes were good. I had my lights on. I was driving on the right side of the street. Yes, the car that passed me pulled immediately to the right as it passed. Almost directly in front of me. As to whether or not there were some people driving in front of me, at the time I was driving this automobile; I don't remember who was driving in front of me." He also testified that his father allowed him to drive the truck.

On direct examination, the witness testified, "After this car had passed and this car was in front of me and this other vehicle was parked on the other side of the street, as to whether or not was there room between those two cars for me to pass without hitting; well, no sir, I would not say there was."

On recross examination, the witness testified, "No, sir, there was not room for me to pass without hitting. No, I don't know who it was that passed me. As to how far north of the point of collision was it that he passed me; well, almost even. As to how fast was he running when he passed me; well, he was making pretty good speed. I was running about twenty-five

miles an hour. Yes, sir, he was running fast when he passed me. Yes, sir, then he slowed down. No, I have never measured the street. No, sir, I don't know how much space there is from the center line to the east side of the street. When I say he was so close I could not get by, that is what I know about it. It sure was done quickly. Yes, sir, in less time than we are talking, I had hit the car. I don't know how far I knocked the parked automobile. Yes, I looked·to see, but I did not measure it. The car of the Dixie Bell Spead Company was about the middle of the highway when it stopped. My truck was still sitting where it hit, over next to the curb." ·

On redirect examination, the witness testified, "No, sir, there weren't any lights on the parked car."

Harbin King, recalled for cross-examination, testified, "As to whether or not does this plat correctly represent the location of the street lights; well, yes, they are not on the corners of the streets. As to whether or not is the lot covered with large trees and the limbs grow over the road; well, not at that time, that I recall. No, sir, I don't know whether the limbs do grow over the road."

On redirect examination, the same witness testified, "As to whether or not are there·any trees on the right side of the street going on where the car wrecked: well, no sir, not any on the sidewalk."

Counsel for the plaintiff contends that the charge in special ground 1 was inapplicable because the plaintiff's automobile was parked between 2 street lamps leaving a distance of 11 feet between the center line of the street and the parked automobile, and that the Code section has reference to automobiles actually in movement on the highway. So far as this is concerned, it does not affirmatively show as a matter of defense that the automobile had not been moved from the place where the agent parked it at 6:30 and where it was when the collision occurred. There was evidence that the employee of the plaintiff, other than Funk, had legal access to the automobile to drive it. As to whether under all the facts and circumstances there was sufficient distance left between the center line and the left-hand side of the street for the defendants' car to pass was a jury question. The contention of the plaintiff in this connection

in a written argument is that this particular Code section refers to automobiles *actually in motion*, is not well founded. See, in this connection, *Harwell* v. *Blue's Truck Line Inc.*, 187 *Ga.* 78 (3) (199 S. E. 739). We have not been able to find a decision to the effect that this provision of the statute does not apply to the highway on which this particular automobile was parked, and the attorneys for the plaintiff have called our attention to no such decision. This same portion of § 68-302 was similarly dealt with by this court in *Adams* v. *Jackson*, 45 *Ga. App.* 860 (166 S. E. 258). It is contended by the plaintiff that the court should have gone further to make this provision of law applicable by adding that it would not be negligence per se unless the evidence showed that the car of the plaintiff was parked in a dark place on the highway. The answer of the defendants alleged that it was parked in a dark place. The evidence is not clear whether or not the place where the automobile was parked was dark. It would seem that under the facts and law which control this case under all its peculiar facts and circumstances, it was more a matter of defense than a matter of further evidence on the part of the defendants. When one reads the evidence carefully as we have done, there is nothing to show that the street lights were at the time burning. Indeed, the witness for the plaintiff who lived directly across the street testified that when he left his home and went to the scene of the collision he did not know whether the street lights were burning or not, but that he supposed they were. If they were burning, there is no evidence as to the candle power of the lights or whether there were any obstructions between the lights and the parked automobile. It is true that the witness Hood testified that when he arrived at the scene he "could see the people and identify the features of the people," but he immediately before that testified, "Yes, the automobile and pick-up truck were visible when I got out in the street, but when I got out there several cars had pulled up and stopped." It does not appear that his vision of the features of the people was from the automobiles which had stopped at the scene of the collision or the street lights, one of which was 100 feet north, diagonally across the street from the place where the collision occurred, and the other approximately 218 feet south of the place where the col-

lision occurred, diagonally across the street. Applying the principle of law that the evidence must be construed by this court in the light most favorable to sustain the verdict, we reach the conclusion that the assignments of error in special grounds 1 and 2 show no cause for reversal. It is admitted by the plaintiff that the excerpts from the charge of the court of which complaint is made are correct abstract principles of law, but that special ground 2 was inapplicable because the court did not charge in connection therewith that the excerpt charged in special ground 2 did not apply unless the car was parked in a dark place. Under all the facts and circumstances of this case it would seem that if the plaintiff desired further instruction in this connection, a written request should have been properly made. Then again, if there had been lights on the parked car, or if the street lights had been burning, it would be a jury question as to whose negligence and what negligence was the proximate cause of the injury. The court charged fully the law of comparative negligence. The answer of the defendants was in the nature of a cross-action as will be discerned from reading the pleadings set forth above.

In view of what we have said, the court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*