34910.  ATLANTA NEWSPAPERS, INC. *v.* HITCHCOCK *et al.*
34913.   SOUTHARD *v.* HITCHCOCK *et al.*

DECIDED DECEMBER 2, 1953.

*Haas, Hurt & Peek, Geo. A. Haas,* for plaintiff in error (Case No. 34910).

*John E. Feagin, A. Tate Conyers, Edward S. White, Marshall, Greene, Baird & Neely,* contra.

*Ferdinand Buckley, Marshall, Greene, Baird & Neely,* for plaintiff in error (Case No. 34913).

*John E. Feagin, A. Tate Conyers, Edward S. White, Haas, Hurt & Peek,* contra.

GARDNER, P. J. 1. The first question is: Did the petition as amended allege a cause of action in favor of the plaintiff, as the wife of the deceased Hitchcock, against the defendant William H. Southard? The question as to whether or not Atlanta Newspapers, Inc., is liable to the plaintiff is dependent upon whether the plaintiff is entitled to recover in this action against Southard, who had driven the parked automobile. In order for the plaintiff to prevail against this defendant, the petition must show negligence on Southard's part from which the plaintiff sustained damages. That this defendant had his car parked within 8 feet from the center line of said State highway is alleged as one of the acts of negligence charged to this defendant, causing the death of the plaintiff's husband. Code § 68-302 provides that automobiles using the highways at night shall be equipped with front and rear lamps, clearly visible for at least 100 feet. Code

(Ann. Supp.) § 68-316 (Ga. L. 1939, pp. 295, 299) provides that the front and rear lights of a motor vehicle when being operated upon the public streets and highways "must be lighted one half hour after sunset to one half hour before sunrise," and at any other time when vision is restricted for any reason less than 500 feet along a public street or highway. So, under the allegations of this petition, it was the duty of Southard not to park his automobile on said highway within 8 feet of the center of same, and it was his duty to have the lights on his motor vehicle burning and clearly visible for at least 100 feet. This duty was owed to the husband of the plaintiff, who was using this highway at the time he met his death.

In *Adams* v. *Jackson*, 45 *Ga. App.* 860 (166 S. E. 258) this court held that "failure to display a proper tail light on a motor vehicle parked along a public highway on a dark night is negligence per se, and where it is the proximate cause of an injury, the owner of the vehicle is liable therefor." "The provisions of the Code, § 68-302, referring to mounting of lamps, apply to automobile and automobile trucks using the highway at night, whether the vehicle is standing still or is moving forward or backward at the time it is so using the highway." *State Farm Mutual Automobile Ins. Co.* v. *Henderson*, 81 *Ga. App.* 541 (59 S. E. 2d 319).

To the same effect see *Harwell* v. *Blue's Truck Line*, 187 *Ga.* 78 (199 S. E. 739). A jury might properly find under the allegations of the petition that the defendant Southard was guilty of negligence in having his car parked along said highway within 8 feet of the center line and without having the lamps of the car burning. See *Reeves* v. *McHan*, 78 *Ga. App.* 305, 307 (50 S. E. 2d 787) and cit.; *Sprayberry* v. *Snow*, 190 *Ga.* 723 (10 S. E. 2d 179). In *Bach* v. *Bragg Bros. & Blackwell*, 53 *Ga. App.* 574, 577 (186 S. E. 711), this court held that "an automobile driver on the highway has the right to assume that others driving cars will observe the rules prescribed by law respecting lights upon the rear of their vehicles. . . To hold otherwise would force the traveler to assume that the highway was liable to be obstructed, and, in view of this, so to travel that he would not collide with any obstructions in the highway, however negligently they might have been created and maintained."

There is no merit in the contention of the defendant that the plaintiff should have alleged that her husband did not see the parked automobile of the defendant in time to have avoided colliding therewith, and that, in the absence of such allegation, it must be presumed that he saw the parked car in time to have avoided striking same had he been in the exercise of proper diligence. The plaintiff is not required in her petition to negative the fact that the injury to her husband was not the result of his failure to exercise ordinary care for his own safety or that it was not the result of his own negligence. Such would be matters of affirmative defense. If the petition makes a jury case as to the defendant's negligence, and if it does not affirmatively appear therefrom that the injury resulted either from the negligence of the plaintiff's husband or from his failure to exercise ordinary care for his own safety upon discovery of the defendant's negligence, the petition would not be subject to general demurrer on the ground that it does not set out a cause of action. See *Fuller* v. *Louis Steyerman & Sons*, 46 *Ga. App.* 830 (169 S. E. 508); *Bach* v. *Bragg Bros. & Blackwell*, supra.

It would be a question for a jury here whether the negligence of Southard or the negligence of Liles or the negligence of Southard and Liles was the proximate cause of the death of the plaintiff's husband. "Persons guilty of separate acts of negligence which jointly and concurrently co-operate in causing an injury, are joint tortfeasors and may be sued as such." The petition as amended was good against general demurrer as to the defendant Southard, and a jury might well find from proof of the allegations thereof that his negligence was either the proximate cause, or contributed with the alleged negligence of the person driving the car that ran over plaintiff's husband, in causing his death. See *Reeves* v. *McHan*, supra. If all the acts of negligence contributed directly and concurrently in bringing about the injury, they together constitute the proximate cause. *Adams* v. *Jackson*, supra, and cit.

As to case No. 34910, brought to this court by Atlanta Newspapers, Inc., the petition as amended charges that the defendant Southard, at the time of the death of plaintiff's husband, was acting as the employee and servant of said corporation, and "that his acts as . . . set forth were done in the course of

his employment." If this is true, then the defendant Atlanta Newspapers, Inc., is liable to the plaintiff, the negligence of Southard being imputed to said corporation. See Code § 105-108.

It is contended that, according to the almanac, the setting of the sun on November 2, 1951, was at 5:47 p. m., that this court will take judicial notice of this fact (*Kirkland* v. *Wheeler,* 84 *Ga. App.* 352, 365, 66 S. E. 2d 348; *Powell* v. *State,* 193 *Ga.* 398, 18 S. E. 2d 678), and that it appeared from the petition as amended that the time of this accident was at "about 6:15 p. m.," and a half hour had not then elapsed since the sun had set and, therefore, the defendant at such time was not compelled by law to have the lights on his parked car burning. Technically speaking, this may be true, but it is our opinion that a jury could determine from evidence supporting the petition that the defendant Southard was negligent in parking his automobile within 8 feet of the center of this highway with no lights burning, under the circumstances and conditions then existing.

We do not think that this case is controlled by the decision of this court in *State Highway Dept.* v. *Stephens,* 46 *Ga. App.* 359 (167 S. E. 788), or comes within the principle therein ruled; and there is no merit in the contention that the plaintiff's petition shows that her husband was guilty of negligence in not avoiding the collision with the parked car. There was no question in the *Stephens* case, as here, of the poor visibility existing at the time of the accident. In that case the petition showed that the plaintiff ran into the parked truck around noon, and that there was nothing to obstruct his view.

The petition as amended sets forth a cause of action as against the defendant Southard, and consequently as to the defendant Atlanta Newspapers, Inc., Southard's employer, and the trial judge did not err in overruling the demurrers, general and special, of the two defendants thereto.

*Judgment affirmed in case No. 34910 and judgment affirmed in case No. 34913. Townsend and Carlisle, JJ., concur.*