34989. BOOKER *v.* THE STATE.

DECIDED JANUARY 20, 1954—REHEARING DENIED FEBRUARY 13, 1954.

*Virgil H. Shepard,* for plaintiff in error.

*O. L. Long, Solicitor,* contra.

GARDNER, P. J. In count 1 of the accusation, the defendant is charged with having violated the provisions of Code § 68-303 (a), as follows: "Every person operating a vehicle upon the highways shall observe the following traffic rules and regulations: a. All vehicles not in motion shall be placed with their right sides as near the right side of the highway as practicable, except on city streets where traffic is obliged to move in one direction only." In count 2 the defendant was charged with having unlawfully operated his motor vehicle along the named public street and highway, in that, meeting another vehicle approaching from the opposite direction, he failed to turn his car to the right of the center of such street or highway "so as to pass without interference." Code § 68-303 (c). As to the law covering the above-cited paragraphs of the Georgia motor vehicle traffic regulations and law, see *Harwell* v. *Blue's Truck Line,* 187 *Ga.* 78 (3) (199 S. E. 739). See also *State Farm Mutual Automobile Ins. Co.* v. *Henderson,* 81 *Ga. App.* 541 (59 S. E. 2d 319). Count 4 of the accusation, upon which the defendant was found guilty, was to the effect that the defendant at said time and place unlawfully, wilfully, and maliciously injured and destroyed the private property of Mrs. D. W. Sapp by wilfully and maliciously running his

automobile into and damaging her automobile. Code § 26-8116 provides: "All other acts of wilful and malicious mischief, in the injuring or destroying any other public or private property not herein [in Ch. 26-81] enumerated, shall be misdemeanors." Where the State shows that the property described in the accusation was the private property of the person named therein and that same was wilfully injured or destroyed by the defendant in the manner and form alleged, a prima facie case is made out. *Woods v. State,* 10 *Ga. App.* 476 (3) (73 S. E. 608).

The jury were authorized to find that the defendant acted deliberately, wantonly, and wilfully relative to the operation of his automobile at the time and place set forth in the accusation, and as to his not providing a clear passage to Mrs. D. W. Sapp, approaching along said public highway and street, namely Dempsey Avenue, from the opposite direction, as a result of which the defendant wilfully ran into and damaged Mrs. Sapp's automobile. The conviction of this defendant on counts 1, 2, and 4 of said accusation was amply justified and authorized under the evidence, and the trial judge did not err in denying the motion for a new trial, based solely upon the general grounds.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*