The Georgia Railroad and Banking Company *v.* Hicks.

1. The plaintiff, an employee of a railroad company, having brought suit against his employer for damages sustained by reason of injuries inflicted in consequence of the negligence of a fellow-servant in and about a common employment, if himself free from fault, is entitled to recover notwithstanding their engagement in a business not immediately connected with running and operating the company's trains.

95 301|
98 14|

95 301
103 579
103 827
105 138

95 301
106 138

95 301
110 124

95 301.
114 170
114 874,

95 301
117 422

95 301|
118 87|
118 88|

95 301
o120 94
o120 358

2. In such a case, negligence of the plaintiff, however slight, which contributes in an appreciable degree to the cause of the injury, defeats a recovery. No presumption of negligence against the company arises until he shows affirmatively that he was himself without fault. It was therefore error to give in charge to the jury section 3033 of the code.

3. When in such a case the plaintiff shows that the injury was inflicted through the negligence of a fellow-servant engaged in and about the common employment, and without fault upon the part of the former, the burden is cast upon the company of showing only that its servants exercised ordinary and reasonable care; and an instruction to the jury which imposes upon the defendant the superadded duty of showing how the casualty occurred, is erroneous.

4. The rule of law which admits as evidence the opinions of experts, is limited in its application to those cases only where the question at issue is one of opinion, involving some particular matter connected with a special art, trade or science, and to the opinions of those persons who from accurate knowledge of the particular art or trade or thorough understanding of the particular science, are supposed to be able to speak with precision concerning the same. Therefore, where the question at issue is one of fact, involving none of the mysteries of a particular craft, but only such matters connected therewith as are easily within the comprehension of reasonably intelligent men engaged in the ordinary pursuits of life, opinions of experts thereon are not admissible, though the fact under investigation may be in some way connected with such particular trade or calling.

January 14, 1895.

Action for damages. Before Judge EVE. City court of Richmond county. August term, 1894.

Hicks sued for personal injuries sustained by him while working in the railroad company's shops. He obtained a verdict, and the company excepted to the refusal of a new trial. The declaration alleges, that he was a practical and experienced plumber and gas-fitter, and was directed to put on the ceiling of the car-shops a line of inch gas-pipe. The ceiling was about 16 feet high, and he was furnished with a ladder and a man-servant of the defendant to assist him in putting up the pipe. He began the work in the usual and proper way, and put up and fastened three sections of the pipe, each

weighing about 26 pounds and being 16 or 18 feet long. He moved his ladder and screwed a fourth section to the third section, and, standing upon the top round of the ladder which rested securely against the wall, he held the screwed end of the pipe securely on his left shoulder and was pressing it up firmly against the timbers to drive in the hooks by which it was to be permanently held. Williams, the servant assisting him, was standing on a pile of lumber about four feet high and about twelve feet from plaintiff, holding up the unfastened and loose end of the pipe with a stick about ten or twelve feet long, in the end of which Williams had cut a fork to hold the pipe. Without any notice or warning, and while plaintiff was exercising all due care and caution, Williams negligently and suddenly let go the pipe at his end, by means of which the heavy pipe began suddenly and irresistibly to fall, thereby pressing down in a horizontal instead of a perpendicular direction, throwing plaintiff from his balance and from the ladder to the floor, and greatly injuring him in manner described. The fall was due to the negligent and unskillful manner in which Williams held his end of the pipe; plaintiff was in the regular performance of his duty, was exercising care and skill, was putting up the pipe in a workmanlike manner; and the falling of the same was not in any way the result of his negligence or want of care, but was due entirely to the negligence of Williams.

1. The motion for new trial alleges that the court erred in refusing to give the following charge: "In considering the question whether or not the company was at fault, I charge you that the railroad company, though responsible to its employees for negligence on the part of superior officers such as bosses, foremen, etc., is not responsible for negligence on the part of a fellow-employee, which results in injury to the other employee. Therefore, if you should find that a fellow-

employee was negligent, and that his negligence was the only thing that caused the accident, then the plaintiff cannot recover. Fellow-employees are those who are engaged together in accomplishing any particular piece of work." Also, that the court erred in charging: "If you find from the evidence that the injury claimed was occasioned by the negligence of a coemployee and without fault on the part of the plaintiff, then he would be entitled to recover"; defendant contending that it is not the law that plaintiff could recover for the negligence of a coemployee.

2, 3. Errors were assigned, in charging in the language of the code, §3033; and on the charge stated in the third division of the opinion.

4. A witness for the plaintiff was asked, as an experienced plumber, from the statement of facts he had heard in connection with it, what, in his opinion, caused the pipe to fall; and answered, "I can hardly see any other reason than the way he describes; that is, his assistant behind him let go the pipe." He was further asked, what would be the effect of sixteen feet of pipe held at one end on a stick, if one man let go,—what would be the result to the man on the ladder, if he had the pipe on his shoulder as described; and answered, that as to his own balance it would have a tendency to throw him off, but that he had seen a man struck and not knocked off. Defendant objected to this testimony, because it was an expression of opinion on a subject not of expert knowledge, by one who was not a witness to the accident, about ordinary matters of every-day experience, which could be as well understood and interpreted by the jury as the witness; and because it was an expression by the witness of his opinion as to negligence, on facts testified to by plaintiff.

JOSEPH B. CUMMING and BRYAN CUMMING, for plaintiff in error. J. S. & W. T. DAVIDSON, *contra.*

ATKINSON, Justice.

The facts upon which the questions in this case arise are so fully and accurately stated in the official report, that we do not deem it necessary to restate them here.

1. The principle declared in the first head-note has been so frequently and so strongly stated by this court heretofore, that it is unnecessary to attempt a further elaboration of the reasons which justify its recognition. It might be well for the profession to recognize that with reference to some matters at least they are so well established as, upon the doctrine of *stare decisis*, to be beyond further controversy.

2. There was no possible view from which in this case section 3033 of the code could have had the slightest application or the slightest relevancy. Its provisions are utterly foreign to this kind of a controversy, and state a rule of law which imposes the burden of proof exactly where the true law says it ought not to be. In a case where an employee of a railroad company brings an action for damages against his employer, the burden of proof is upon the plaintiff, in addition to the injury, to show one of two things: either that he was himself entirely free from fault, or that he was injured by the negligence of a coemployee. Thus the burden is imposed upon the plaintiff to prove his case; but section 3033 of the code, which deals with injuries not done to but done by the employees of the company, raises a presumption of negligence against the company upon the proof of injury alone. So that, whatever may have been the charge of the court thereafter, and even though the correct rule may have been thereafter stated, yet the effect of giving in charge section 3033 of the code to the jury was to confuse the jury by giving to them two rules directly in conflict the one with the other, both of which were to be employed by them in determining what their verdict should be. Under such a condition

it would be impossible for them to regard the instructions of the court, and at the same time render an intelligent verdict.

3. The court charged the jury that the plaintiff was not bound to show how the accident happened, provided he showed it was without fault on his part, and then added: "If the road was unable to show how it happened, then the presumption is still against the company." We do not think this is a correct rule by which to determine the liability of the company. When the plaintiff shows that the injury was inflicted through the negligence of a fellow-servant engaged in and about the common employment, and without fault upon his part, the law imposes then upon the company only the duty of showing that its servants exercised ordinary and reasonable care. It vindicates its conduct by submitting evidence satisfying the jury that this is true. Yet this charge of the court instructs the jury that before the company would be excused it must show how the injury occurred. No such duty is imposed by law, none such should be required by the court; and the charge was erroneous.

4. We think the objection to the introduction of expert testimony, as stated in the last ground of the motion for a new trial, was well founded; and the opinions of the alleged expert touching the particular matters concerning which he was called to testify, should have been excluded by the court. The evidence showed that one employee of the company was assisting another in holding a long piece of iron pipe against the ceiling overhead. The witness was asked, "What would be the effect of sixteen feet of pipe held at one end on a stick, if one man let go; what would be the result to the man on the ladder, if he had the pipe on his shoulder as described?" He was further asked, what in his opinion caused the pipe to fall. We do not think these matters involve any of the mysteries of any particular science,

trade or craft. The plumber was doubtless an expert touching matters involved in his particular trade, but these matters, concerning which an expression of opinion from him was then invoked, though bearing some slight relation to the plumber's trade, are simply the ordinary happenings and events of life, concerning which any man of reasonable intelligence from his own observation would be able to speak with as much precision as the most expert plumber. Verdicts should not ordinarily be founded upon the opinions of witnesses, and to authorize their admission the court should be well satisfied that the circumstances concerning which they are called to testify relate to matters of opinion and not to matters of fact.        *Judgment reversed.*