22405. STATE HIGHWAY DEPARTMENT *v.* STEPHENS.

STEPHENS, J. 1. Where a person traveling along a highway in an automobile receives injuries from a collision between his automobile and one parked on a bridge in the highway, he fails to exercise ordinary care to avoid the injuries and is guilty of negligence which proximately causes the injuries, if he could have seen the parked automobile in time to bring his own automobile under control and avoid the collision. *Fraser* v. *Hunter,* 42 *Ga. App.* 329 (156 S. E. 268); *City of Macon* v. *Newberry,* 35 *Ga. App.* 252 (132 S. E. 917).

2. In the petition in a suit to recover for damage alleged to have been sustained from a collision between the plaintiff's automobile and that of the defendant which was parked on a bridge in a highway, where it was alleged that the plaintiff, "when he rounded a curve on the highway," at about the noon hour, in the daytime, observed the defendant's automobile upon the bridge, and that when he ascertained that the defendant's automobile was not moving it was too late for the plaintiff to stop his automobile in time to avoid the collision, but where it does not appear, from the allegations in the petition, at what distance the plaintiff was from the defendant's automobile when he first observed it parked upon the bridge, or at what rate of speed the plaintiff's automobile was being operated, the petition, when construed most strongly against the plaintiff, as must be done, must be taken as alleging that the plaintiff, when he observed that the automobile was parked upon the bridge, was at such a distance therefrom, and was operating his automobile at such a speed, that he could have stopped it or brought it within control and have avoided the injuries. It therefore appears from the petition that the plaintiff could, by the exercise of ordinary care, have avoided the injuries, and that his own negligence, and not that of the defendant, was the proximate cause thereof.

3. The petition failed to set out a cause of action, and the court erred in overruling the general demurrer.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 8, 1933.

360

*Dekle & Dekle,* for plaintiff in error.
*James A. Dixon, L. P. Strickland,* contra.