25097. BACH *v.* BRAGG BROS. & BLACKWELL INC. *et al.*

DECIDED JUNE 30, 1936.

*Carter, Carter & Johnson, Rollin H. Kimball,* for plaintiff.

*Robert B. Blackburn, William Woodruff,* for defendants.

MacIntyre, J. The plaintiff brought suit for damages against the defendants, master and servant, and made substantially this case: About 6 p. m. the plaintiff was driving his automobile, in which his wife and young son were riding, toward Winder and Atlanta on the Athens-Winder Highway, at about thirty-five miles per hour, at the same time that a motor-truck of the defendant corporation, driven by its defendant servant, was proceeding in the same direction along the same road just ahead of the plaintiff's automobile. After going over a hill and sufficiently beyond it to be obscured from other automobilists traveling in his rear in the same direction, that is about 600 feet from the crest of the hill, the defendant servant stopped the truck so that its left side was slightly over the center line of the road. When so stopped, the truck either had no tail-light burning, or, if so, it was insufficiently bright and could not be seen over two or three car-lengths away, on account of the dimness thereof and the dark, misty, and rainy weather. The wooden truck-body was so nearly the color of the wet pavement of the highway as to be indistinguishable therefrom at night until within two or three car-lengths of it. While the plaintiff's headlights were burning, he did not and could not see the defendant's stationary truck until he was about twenty-five feet from it; and although his brakes were working and in proper condition, and he immediately tried to stop, his car ran against the rear of the truck, resulting in personal injuries to himself, damages to his car, and personal injuries to his wife and his son, depriving him of their services and necessitating medical and hospital expenses. The plaintiff charged that the truck was being driven by the servant of the corporation defendant in and about its business and within the scope of the servant's employment; that the defendants were negligent in allowing the truck to stand on the highway just beyond the crest of the hill, slightly beyond the center thereof, without any or with insufficient tail-lights to penetrate the rain, dark, and mist, and without any signal or warning of danger to approaching traffic on the highway, and in such close proximity to the top of the hill as not to give approaching traffic

from the rear, that could not see the stopped truck, time to avoid striking it, and especially because the body of the truck was so nearly the same color as the wet paved portion of the highway as to render it indistinguishable therefrom at a distance of more than two or three car-lengths; that the defendants were negligent in creating and maintaining a nuisance by so placing and parking the truck on the paved portion of the highway, and in violating that part of section 9 of the Georgia Laws of 1927, pp. 226, 234, as to the equipment of a motor-vehicle with lamps clearly visible for a distance of not less than 100 feet from front and rear, and in violating that part of paragraph 3 of section 9 of said law that every motor-vehicle shall have on the rear a red light visible for a distance of not less than 100 feet behind such vehicle, and in violating par. A of section 12 of that law that all vehicles not in motion shall be placed with their right sides as near to the right side of the highway as practicable. Count 2 of the petition contained the same allegations, except that it was alleged that the defendant servant had brought the truck almost to a stop, and the truck was beyond the center line of the highway at the time of the collision, and negligence was charged accordingly; rather than that he had brought the truck to a stop at the point just beyond the top of the hill, as stated in count 1. The defendants demurred to the petition, on the ground that neither count stated a cause of action against either defendant, and because it appeared from the allegations that the plaintiff was injured because of his own failure to exercise ordinary care for his own safety, by the exercise of which he could have avoided the consequences of the alleged negligence of the defendants. The judge sustained the demurrers and dismissed the action, and the plaintiff excepted.

The plaintiff would not be entitled to recover unless the defendants were negligent and their negligence was the proximate cause of his injury and damage. Ordinarily what is negligence, contributory negligence, proximate cause, etc., are questions of fact for the determination of a jury; and it is only in plain and unmistakable cases that the court will undertake as a matter of law to solve such questions. *Grant* v. *Royster Guano Co.*, 15 *Ga. App.* 758 (84 S. E. 161); *Columbus Power Co.* v. *Puckett*, 24 *Ga. App.* 390 (100 S. E. 800); *Tybee Amusement Co.* v. *Odum*, 51 *Ga. App.* 1 (179 S. E. 415). "If the plaintiff by ordinary care could

have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." Code, § 105-603. This duty on the part of the plaintiff to exercise ordinary care does not arise until the negligence of the defendant becomes apparent, or an ordinary person would apprehend. its existence. *Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802) ; *Augusta-Aiken Ry. &c. Cor.* v. *Jones,* 15 *Ga. App.* 93 (82 S. E. 665) ; *Atkinson* v. *Boggs,* 16 *Ga. App.* 738 (3) (86 S. E. 62). This is likewise a jury question. *S. A. L. Ry. Co.* v. *Blackwell,* 16 *Ga. App.* 504 (85 S. E. 686). Furthermore, the plaintiff is not required in his petition to negative the fact that his injury was not the result of his own failure to exercise ordinary care for his own safety or that it was not the result of his own negligence. Such would be matters of affirmative defense. If the petition makes a jury case as to the defendant's negligence, and it does not affirmatively appear therefrom that the injury resulted either from the plaintiff's own negligence or from his failure to exercise ordinary care for his own safety upon discovery of the defendant's negligence, the petition would not be subject to general demurrer on the ground that it does not set out a cause of action. *Fuller* v. *Louis Steyerman & Sons,* 46 *Ga. App.* 830 (169 S. E. 508). It is generally the duty of the driver of an automobile to anticipate the presence of other travelers on the highway, and to have due regard for their rights to the use thereof. *Eubanks* v. *Mullis,* 51 *Ga. App.* 728 (181 S. E. 604), and cit. An automobile driver on the highway has the right to assume that others driving cars will observe the rules prescribed by law respecting lights upon the rear of their vehicles. *Mostov* v. *Unkefer,* 24 Ohio App. 420. It is not necessarily such a lack of ordinary care on the plaintiff's part as will defeat a recovery for the operator of a properly-equipped automobile to drive it in the night at such a rate of speed that he can not stop it within the limit of his vision ahead. Whether he is to be chargeable with negligence or not depends upon what is reasonable under all the circumstances ; and unless the facts shown unmistakably point to but one conclusion, the decision of that question is especially one for the determination by the jury. To hold otherwise would force

the traveler to assume that the highway was liable to be obstructed, and, in view of this, so to travel that he would not collide with any obstructions in the highway, however negligently they might have been created and maintained. Kaufman *v.* Hegeman Transfer &c. Inc., 100 Conn. 114 (123 Atl. 16).

The mere fact that a plaintiff deriving a properly-equipped automobile at thirty-five miles per hour was unable to stop when "the weather was inclement, dark, misty, and it was raining," over a wet pavement which was nearly the color of the body of the truck left standing in the highway, so that its left side was slightly over the center line of the road, headed in the same direction that the plaintiff was traveling, or had been brought almost to a stop in the highway, at night, without any tail-light burning (in accordance with the State law), does not necessarily and as a matter of law establish negligence upon the part of the plaintiff; for the question still remains whether his conduct, in view of all the attendant circumstances and conditions, measures up to that of the ordinarily prudent person, which is the standard required by law in this State. Rozycki *v.* Yantic Co., 99 Conn. 711 (122 Atl. 717, 37 A. L. R. 582). This court can not hold that the petition shows that the plaintiff exercised so little care as to require a ruling as a matter of law that his negligence equaled or exceeded the negligence of the defendant, or extended in such a degree as to bar a recovery; nor can we hold, under the allegations of the petition, that the plaintiff did not set forth a case of negligence on the part of the defendant. *L. & N. R. Co.* v. *Stafford*, 146 *Ga.* 206, 209 (91 S. E. 26). It follows that the judge erred in sustaining the general demurrers and in dismissing the petition.

*Judgment reversed. Guerry, J., concurs. Broyles, C. J., dissents.*