30740. BASSETT *v.* CALLAWAY, trustee.

DECIDED FEBRUARY 10, 1945.

*Paul Blanchard,* for plaintiff.

*R. M. Arnold, Foley & Chappell,* for defendant.

FELTON, J. Was the defendant negligent? The *mere* blocking of a public crossing at night is not negligence. Unless some reason appears which required the railroad to provide one or more of the extraordinary precautions set forth in the petition, no negligence on the defendant's part is shown. As amended .the petition shows that Col. Bassett had a straight stretch of road between him and the railroad crossing for a distance of one hundred yards. In the absence of an allegation that Col. Bassett was not familiar with the crossing it may reasonably be presumed that he was. *Central of Georgia Railway Co.* v. *Adams,* 39 *Ga. App.* 577 (147 S. E. 802). By the same reasoning it may be assumed that the one-hundred-yard stretch was comparatively level, in the absence of allegations that there were physical conditions existing in the highway which made it difficult for Col. Bassett to see the train on the crossing. Also, in the absence of allegations to the contrary, it will be assumed that the weather was clear. No reason is alleged why Col. Bassett's lights would not have shone upon and revealed the presence of the cars unless it was the fact that the lights reflected beneath the freight cars, in which case the lights were in improper condition. It cannot be questioned that it is negligent to operate an automobile at night with lights which would only shine underneath a freight car and not upon some part of it from a distance of fifty feet. ,*Brinson* v. *Davis,* 32 *Ga. App.* 37 (122 S. E. 643). Therefore it appears from the petition that Col. Bassett was negligent if he drove his car at such a speed that he was unable to stop within the distance of his lights at the time, whether the lights were as required by law or in improper condition. *Pollard* v. *Clifton,* 62 *Ga. App.* 573 (9 S. E. 2d, 782) ; 14 A. L. R. 791; 32 A. L. R. 881; L. R. A. 1918F, 425; L. R. A. 1917F, 610; and 44 A. L. R. 1403. If the petition be construed to mean that Col. Bassett was operating his car at such a speed that he could have stopped it after observing the cars he was negligent in not doing so. *State Highway Department* v. *Stephens,* 46 *Ga. App.* 359 (167 S. E. 788). Construing the contradictory theories contained in the amended petition against the plaintiff it will be construed to allege that the lights reflected beneath the cars, and it necessarily follows that

the color of the cars and the background had nothing to do with the failure to observe the cars. If the lights went under the cars whether a dark background created a situation which prevented observation of the cars is a question which is eliminated by the inconsistent allegations. Even if this were not true it would seem that if a black or gray wall had been obstructing the crossing, properly working lights would have revealed it. The plaintiff's case must fall because it appears that the injuries resulted solely from the deceased's negligence. It was not alleged that the train was left over the crossing for an unreasonable length of time. Nor was any reason alleged why the defendant was negligent in taking none of the precautions set forth in the petition. But even if the defendant was negligent, the deceased could have avoided the injuries by the exercise of ordinary care after he discovered the train. The following cases are cited and relied on by the plaintiff in error: *Central of Georgia Ry. Co.* v. *Heard,* 36 *Ga. App.* 332 (136 S. E. 533); *Mann* v. *Central of Georgia Ry. Co.,* 43 *Ga. App.* 708 (160 S. E. 131); *Gay* v. *Smith,* 51 *Ga. App.* 615 (181 S. E. 129); *Shelley* v. *Pollard,* 55 *Ga. App.* 88 (189 S. E. 570); and *Southern Railway Co.* v. *Lowry,* 59 *Ga. App.* 109 (200 S. E. 553). Each of these cases is clearly distinguishable from this case and those cited in support of the ruling herein. As these distinctions are apparent on the face of the facts in the cases we shall not discuss them.

The court did not err in sustaining the general demurrer and dismissing the action.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*