32623, 32624.  McDOWALL TRANSPORT INC. *v.* GAULT
(two cases).

Decided October 21, 1949.  Rehearing denied November 17, 1949.

*Andrews & Nall, Stanley P. Meyerson,* for plaintiffs in error.
*J. G. Roberts,* for defendants.

Sutton, C. J.  Claude Gault sued McDowall Transport Inc. for damages sustained as a result of the collision of his automobile, in which he was a passenger at the time, with the rear end of a truck and trailer combination operated by the defendant.  Mrs. Glenna Gault, the driver of the automobile, sued McDowall Transport Inc. for damages sustained as a result of the same collision.  In each case, at the close of the plaintiff's evidence, the defendant orally moved to dismiss the action on the ground that it appeared from the plaintiff's petition that the proximate cause of the collision was the negligence or failure to exercise ordinary care on the part of the driver of the automobile.  The trial judge overruled the motion in each instance, to which judgment the defendant excepted, and this is the question for determination before this court in each case.

The alleged facts of each petition pertinent to the issue here involved are substantially the same, and are as follows:  On May 20, 1948, at about 10 p. m., the defendant was operating a truck and trailer combination, 55 or 60 feet in length, on the four-lane highway in Cobb County about 1 1/2 or 2 miles north of the city square of Marietta, Georgia, at a point opposite the Holcombe Tourist Camp.  Each lane of the highway is approximately 16 feet in width, and the two northerly lanes are separated from the two southerly lanes by a grass plot.  This truck and trailer combination was headed in a northerly direction on the outside lane, and was being driven by William A. Gonzales, an agent and employee of the defendant.  To the rear of this truck and trailer combination, and proceeding in the same

lane in the same direction, was a 5-passenger Chrysler coupe, in excellent condition, being driven by Mrs. Glenna Gault. Claude Gault, the owner of the automobile, was sitting on the rear seat, and his daughter was occupying the front seat with the driver, who is his daughter-in-law. The truck and trailer combination was either standing still or moving at a speed of not more than 2 or 3 m.p.h. The rear end of the truck and trailer combination was not equipped with any kind of red or white light, or if so equipped, the same was covered by a tarpaulin used to cover the load of citrus fruit on the trailer. The truck suddenly "loomed up" in front of the automobile, and although the driver of the automobile put on the brakes and undertook to stop, the automobile struck the rear of the truck and trailer, causing the alleged damage. In the petition of Mrs. Glenna Gault it is alleged that the truck was only 30 or 40 feet in front of her when she first saw it. At the place of the collision the highway is practically, if not absolutely straight, and there is an incline or upgrade of approximately 15 degrees in the direction in which the vehicles were headed. Negligence on the part of the defendant is alleged in that the truck and trailer combination was not equipped with a lamp capable of displaying a red light visible for a distance of 100 feet behind the vehicle, nor with a white light illuminating the rear registration plate so that the characters would be visible for at least 50 feet; in permitting such rear lights, if in existence, to become concealed by the tarpaulin used to cover the trailer; and in operating the truck in such a manner.

Code § 68-302 provides that every vehicle being operated on the highways at night shall be equipped with one lamp on the left rear thereof capable of displaying a red light visible for a distance of at least 100 feet to the rear of the vehicle, and one lamp illuminating the rear registration plate of such vehicle so that the characters thereon shall be visible for at least 50 feet. A violation of the provisions of Code § 68-302 is negligence per se. *Harwell* v. *Blue's Truck Line Inc.*, 187 *Ga.* 78 (3) (199 S. E. 739). But the contention of the defendant is that the petitions show on their face that it was not this negligence but the negligence of the driver of the automobile, or her failure to exercise ordinary care, which was the proximate cause of the alleged col-

lision. Questions of negligence, proximate cause, and failure to exercise ordinary care in avoiding the consequences of another's negligence are all questions of fact, properly for determination by a jury under appropriate instruction from the court as to the applicable principles of law; and it is only in plain and undisputable cases that the court as a matter of law will undertake to determine them. It is true that where an injury is the result of the plaintiff's own negligence, or where the plaintiff fails to exercise proper care for his own safety on discovering the negligence of the defendant, or where by the exercise of ordinary care he could have apprehended the defendant's negligence, he cannot recover; but even though the plaintiff was negligent in some manner, where the defendant's negligence caused the injury and was of a greater degree than the plaintiff's, still the plaintiff could recover, although his recovery would be diminished in the proportion that his negligence compared with the negligence of the defendant. However, where the negligence of the plaintiff and the defendant are equal, or the negligence of the plaintiff is more than that of the defendant, the plaintiff could not recover. Ordinarily these are all questions of fact for the jury. It is to be remembered that a plaintiff is not required to allege facts showing that he exercised due care for his own safety, or that the injury was not the result of his own negligence; but his petition is sufficient to withstand a general demurrer where it alleges that his injury was the result of the defendant's negligence, setting forth facts from which the jury might find that the defendant was negligent. However, if the facts alleged by the plaintiff affirmatively show that his injuries were the result of his own negligence, or show that, after discovering the negligence of the defendant, the plaintiff failed to exercise due care to prevent the consequences of the defendant's negligence, that is, failed to exercise ordinary care for his own safety, or if the same could have been apprehended by the exercise of ordinary care upon the plaintiff's part, then the plaintiff cannot recover. *Pollard* v. *Heard*, 53 *Ga. App.* 623, 625 et seq. (186 S. E. 894). "An automobile driver on the highway has the right to assume that others driving cars will observe the rules prescribed by law respecting lights upon the rear of their vehicles. [Citing.] It is not necessarily such a lack of ordinary

care on the plaintiff's part as will defeat a recovery for the operator of a properly-equipped automobile to drive it in the night at such a rate of speed that he cannot stop it within the limit of his vision ahead. Whether he is to be chargeable with negligence or not depends upon what is reasonable under all the circumstances; and unless the facts shown unmistakably point to but one conclusion, the decision of that question is especially one for the determination by the jury. To hold otherwise would force the traveler to assume that the highway was liable to be obstructed, and, in view of this, so to travel that he would not collide with any obstructions in the highway, however negligently they might have been created and maintained." *Bach* v. *Bragg Bros. & Blackwell Inc.*, 53 *Ga. App.* 574, 577 et seq. (186 S. E. 711), and citations. Applying the foregoing rulings to the facts as shown in the petitions in the present cases, this court cannot conclude as a matter of law that the sole proximate cause of the occurrence was the negligence of the driver of the automobile, or her failure to exercise ordinary care. Negligence on the part of the operator of the truck and trailer combination in failing to have a visible tail-light of any kind is affirmatively shown in each of the petitions, and, from the alleged facts, if proven as alleged, under a charge of applicable principles of law, a jury would be authorized to determine that the lack of a visible tail-light on the truck and trailer was the proximate cause of the collision complained of, and that none of the inferable acts or omissions on the part of the driver of the automobile which struck the rear of the truck and trailer constitutes negligence which was the proximate cause of said occurrence, or a jury would be authorized to determine that a combination of the negligence per se on the part of the operator of the truck and trailer and other factors, including acts or omissions on the part of the driver of the automobile, were the proximate cause of the occurrence. See *Kelly* v. *Locke,* 186 *Ga.* 620 (198 S. E. 754). What actually was the proximate cause of the collision from the facts alleged is a matter subject to a number of reasonable conclusions, and is a question for a jury to determine. Accordingly, the petition of the owner of the automobile who was a passenger therein at the time of the collision, and also the petition of the driver of

the automobile was, in each instance, good against the motion to dismiss in the nature of a general demurrer made by the defendant, and the trial judge properly overruled each of the motions.

This case was considered and decided by the court as a whole. Constitution, art. 6, § 2, par. 8, Code (Ann.), § 2-3708; Code (Ann. Supp.), § 24-3501 (Ga. L. 1945, p. 232).

*Judgment affirmed. Sutton, C. J., MacIntyre, P. J., Gardner, Townsend, and Worrill, JJ., concur. Felton, J., concurs specially.*

FELTON, J., concurring specially. This case presents a most interesting question and one which has not been very thoroughly discussed in our decisions, the question whether one who is operating a motor vehicle on the highways at night at such a speed that he cannot stop within the range of his lights is guilty of such negligence as will bar his recovery for damages from a defendant who has negligently placed an obstruction on the highway, causing damage, when there are no circumstances existing which make it difficult or impossible for the one suing to discover the presence of the obstruction upon its coming within the range of his lights. Cases have been decided both ways by this court which involve the above question but which do not thoroughly discuss and analyze the question at length. Some of them specifically mention the exact question and some do not. See *Pollard* v. *Clifton,* 62 *Ga. App.* 573 (9 S. E. 2d, 782), *Baker* v. *A. C. L. R. Co.* 52 *Ga. App.* 624 (184 S. E. 381), *Carroll* v. *Georgia Power Co.,* 47 *Ga. App.* 518 (171 S. E. 208), *Bassett* v. *Callaway,* 72 *Ga. App.* 97 (33 S. E. 2d, 112), and *Tallman* v. *Green,* 74 *Ga. App.* 731 (41 S. E. 2d, 339). With these cases alone before us I think we should reconcile the conflicts and overrule the cases inconsistent with the view of the court. However, I think the Supreme Court has decided a case the same in principle as the instant case, and while that court did not discuss the specific question I have stated, its decision involves the question and it would seem that we are bound by its conclusions. I refer to the case of *Kelly* v. *Locke,* 186 *Ga.* 620, division three, at pages 628, 629. But for that case I am inclined to think I would agree with our older decisions precluding a recovery as a matter of law until they were overruled.

The question I have stated should not be confused with those cases where a driver is driving slowly enough to stop within the range of his lights but does not do so because of some circumstance which prevents him from discovering the obstruction sooner by the exercise of ordinary care, such as a close resemblance of the obstruction to the highway, as in the case of *Bach* v. *Bragg Bros.*, 53 *Ga. App.* 574 (supra), or where there was a heavy fog, or a blinding by the lights of an approaching car, etc. See also 44 A. L. R. 1403; 58 A. L. R. 1493; 87 A. L. R. 900; 97 A. L. R. 546.