33736.   ATLANTIC COAST LINE R. CO. *et al. v.* DOLAN.

DECIDED OCTOBER 18, 1951.

*S. Spencer Bennet, Thomas K. Vann Jr., Alexander, Vann &
Lilly,* for plaintiffs in error.

*Titus & Altman,* contra.

FELTON, J. Assuming for the sake of argument only, but
not deciding, that the defendant was negligent in one or more
of the particulars alleged, it clearly appears from the allegations
of the petition that the driver of the truck could have avoided
the consequences of whatever alleged negligence there was on
the part of the defendant by the exercise of ordinary care. Code
§ 105-603. Under the allegations of the petition, the driver of
the truck saw that the crossing was partially blocked so that any

negligence by the railroad in blocking the crossing or failing to give warning of its being blocked became a circumstance requiring the driver of the truck to exercise ordinary care to avoid injury to himself and was not a proximate cause of the collision if the driver could have avoided injury by the exercise of ordinary care. The allegations of the petition do not show that the deceased came upon the engine suddenly without seeing it and that he attempted to extricate himself from an emergency not of his own making by going around the engine. The allegations show that the deceased saw the engine partially blocking the crossing and that instead of stopping or endeavoring to stop, he merely reduced the speed of his truck, and then deliberately attempted to go around the engine. In the absence of an allegation to the contrary, it will be assumed that the truck was properly equipped with headlights shining 500 feet ahead and since there is no reason alleged why the driver of the truck could not have seen the platform in front of the engine, the conclusion is irresistible that the driver of the truck could have avoided injury to himself by the exercise of ordinary care. With a passive, static situation before him, and with full notice thereof, the deceased deliberately chose a course of uncertainty and danger. He had the last and clearest of chances to avoid injury by the exercise of ordinary care, and his failure to do so precludes a recovery by his widow in this case. In such a case the law regards the negligence of the driver as the sole proximate cause of the injuries. We have found no similar case in Georgia or elsewhere, but the principles enunciated are so well known as not to require citations. The cases most strongly relied on by defendant in error are so clearly distinguishable that no discussion of them is required. The cases are: *Central of Ga. Ry. Co. v. Heard,* 36 *Ga. App.* 332 (136 S. E. 533), and *Mann v. Central of Ga. Ry. Co.,* 43 *Ga. App.* 708 (160 S. E. 131). The court erred in overruling the general demurrer to count two of the petition.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*