### 34567. SILVER FLEET CAB COMPANY v. BAUER.

DECIDED MAY 14, 1953—REHEARING DENIED JUNE 19, 1953.

*Hatcher, Smith & Stubbs*, for plaintiff in error.

*Alton T. Milam, Thomas M. Stubbs, Jr., Ward Matthews, Jr., Thomas D'Alessio, James B. Finley*, contra.

SUTTON, C. J. Helene Marie Bauer brought this action for damages against Silver Fleet Cab Company in Muscogee Superior Court. The following paragraphs of her petition are pertinent to the the question raised here by an exception assigning as error the overruling of a general demurrer to the petition: "3. On or about January 8, 1951, at or about one-thirty in the morning plaintiff was riding as a passenger on the right side of the front seat of an automobile on Victory Drive between Columbus, Georgia, and Fort Benning, Georgia, when the automobile in which she was riding ran into and against defendant's cab number 208 operated at the said time and place by defendant's agent and servant Mr. C. B. Myers, said cab having parked in the traffic lane designated for traffic at or near a curve on Victory Drive without any lights or other signals indicating that the said cab was so parked in the traffic lane at or near a curve, causing plaintiff to be thrown against the windshield of the automobile in which she was riding, severely, seriously, and permanently injuring her as will be hereinafter more fully set forth.

"4. At the time and place aforesaid the defendant was, by and through his agent, servant and employee, negligent in the following particulars, to wit: (a) It parked tis cab in the traffic lane without any lights or other signals to warn approaching traffic. (b) It failed to warn traffic approaching in either direction by any kind of signal that said cab was parked in said traffic lane on Victory Drive. (c) It parked its cab in a traffic lane in the middle of a night at or near a curve where approaching traffic could not see it.

"5. At the time and place aforesaid Mr. Myers was the servant, agent and employee of the defendant herein and was operating said cab on the business of the defendant and was on the business of the defendant at the times herein set forth.

"6. Plaintiff was free from fault and in no way contributed to the injuries she received.

"7. The negligence of the defendant as herein set forth is the sole and proximate cause of plaintiff's injuries."

1. The defendant's only contention here is that the court erred in overruling its general demurrer to the petition, because the allegations of the petition show that the negligence of the driver of the automobile in which the plaintiff was riding was

the sole proximate cause of the collision and of the plaintiff's injuries.

Questions of negligence and proximate cause are ordinarily for the jury, except in plain and indisputable cases. The petition does not show, plainly and indisputably, that the negligence of the plaintiff's host was the sole cause of the plaintiff's injuries, as a matter of law; but such a question would properly be one for submission to a jury under the pleadings and evidence.

It is alleged that the defendant parked its cab near a curve, in a traffic lane and on a road between Columbus and Fort Benning, Georgia, without lights or other warning signals, and where it could not be seen by approaching traffic; and that the car in which the plaintiff was riding ran into the cab at about 1:30 a.m., injuring the plaintiff. The defendant urges a strict construction of the petition, by which many "missing allegations" are to be read into it, but a plaintiff is not required to negative the negligence of a third person any more than he is required to negative his own contributory negligence. If the petition shows negligence on the part of the defendant resulting in injury to the plaintiff, and if it does not affirmatively show that the plaintiff, by the exercise of ordinary care, could have avoided the consequences of the defendant's negligence, or that the negligence of the plaintiff or of some person other than the defendant was the sole proximate cause of the plaintiff's injuries, then the petition is good against a general demurrer. The petition here alleges that the plaintiff's host ran into the defendant's cab which was parked, unlighted and without other warning signal, at night and in the lane of traffic near a curve. This allegation does not demand a conclusion that the plaintiff's host was negligent, or that his negligence was the cause of the plaintiff's injuries. As stated in *Bach* v. *Bragg Bros. & Blackwell*, 53 *Ga. App.* 574, 577 (186 S. E. 711): "It is not necessarily such a lack of ordinary care on the plaintiff's part as will defeat a recovery for the operator of a properly-equipped automobile to drive it in the night at such a rate of speed that he can not stop it within the limit of his vision ahead. Whether he is to be chargeable with negligence or not depends upon what is reasonable under all the circumstances; and unless the facts shown unmistakably point to but one conclusion, the decision of that

458

question is especially one for the determination by the jury. To hold otherwise would force the traveler to assume that the highway was liable to be obstructed, and, in view of this, so to travel that he would not collide with any obstructions in the highway, however negligently they might have been created and maintained."

While each such case depends largely upon its own particular facts, this case is more in line with the *Bach* case, supra (*McDowall Transport* v. *Gault*, 80 *Ga. App.* 445, 56 S. E. 2d 161, *Georgia Power Co.* v. *Blum*, 80 *Ga. App.* 618, 57 S. E. 2d 18, *McCurry* v. *Moffett*, 80 *Ga. App.* 761, 57 S. E. 2d 451, and *Lanier* v. *Turner*, 73 *Ga. App.* 749, 38 S. E. 2d 55), than it is with the rulings in the cases cited by the defendant, such as *Brinson* v. *Davis*, 32 *Ga. App.* 37 (122 S. E. 643), illustrative of many succeeding cases involving collisions at railroad crossings occupied by trains; *State Highway Department* v. *Stephens*, 46 *Ga. App.* 359 (167 S. E. 788), which was not a guest case and involved a collision in daylight; and *Horton* v. *Sanchez*, 57 *Ga. App.* 612 (195 S. E. 873), where it was held that the plaintiff's injuries were shown to have been caused by the driver of a following car passing to the right of the defendant's automobile, which had been stopped suddenly, and beside which the plaintiff was standing. The railroad-crossing or street-railway cases relied upon by the defendant are inapplicable, for in such cases the tracks and the crossing are sufficient to give warning to approaching motorists of the presence of cars on the tracks, and trains and automobiles ordinarily have equal rights to the use of such crossings. In the present case, there was only the defendant's cab itself, unlighted and parked near a curve where it could not be seen by approaching traffic, to give any warning of its presence as an obstruction in the traffic lane. The petition set out a cause of action.

2. Accordingly, the court did not err in overruling the general demurrer.

*Judgment affirmed. Gardner, P. J., Townsend, Worrill and Carlisle, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. The petition, construed against the pleader on demurrer, fails to set forth a cause of action. In the absence of an allegation to the contrary, it must be assumed that

the driver of the automobile in which the plaintiff was riding was intelligent and laboring under no physical disability. *State Highway Dept.* v. *Stephens,* 46 *Ga. App.* 359 (167 S. E. 788). It must also be assumed for the same reason that the weather was clear and the road level (*Bassett* v. *Callaway,* 72 *Ga. App.* 97, 33 S. E. 2d 112); that the automobile in which the plaintiff was riding was equipped with headlights shining 500 feet ahead (*A. C. L. R. Co.* v. *Dolan,* 84 *Ga. App.* 734, 67 S. E. 2d 243); and that the driver of the automobile in which the plaintiff was riding was familiar with the highway (*Evans* v. *Ga. Northern R. Co.,* 78 *Ga. App.* 709, 52 S. E. 2d 28). In view of the conflicting allegations as to where the taxicab was parked, to wit, that it was parked in *the* lane designated for traffic and in *a* lane designated for traffic, the petition will be construed as alleging that the taxicab was parked in *a* lane designated for traffic and that the lane was the cab's lane when headed in the opposite direction from the car in which the plaintiff was riding. In view of the expression in the alternative that the cab was parked "at or near a curve," the petition must be construed to allege that it was parked *near* a curve (*Doyal* v. *Russell,* 183 *Ga.* 518 (3), 189 S. E. 32). And lastly, the petition must also be construed to allege that the road was a public road wide enough for two-way traffic. In view of such a construction of the petition, the general allegation that the cab was parked "where approaching traffic could not see it" is a mere conclusion which would not be supported by proof of the general and indefinite allegations of the petition, as in such a case a jury could not ascertain where the cab was parked, whether on the left or right side or in the middle of the road, etc.