## 36034. GOODRUM *v.* HENTON.

DECIDED FEBRUARY 20, 1956—REHEARING DENIED MARCH 13, 1956.

*J. Walter LeCraw,* for plaintiff in error.

*E. M. Sasseville,* contra.

594

NICHOLS, J. 1. The defendant's demurrer to the ordinance of the City of Atlanta known as § 30.40 was based on the objection that the said ordinance is void because it is too vague and indefinite to constitute any criterion of conduct in the operation of motor vehicles.

The Act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 556, 616; Code, Ann. Supp., § 68-1728), gives municipalities the right, by proper ordinances, to regulate traffic within the limits of the respective municipalities. The ordinance in question, § 30.40, supra, requires no more of a driver than does the general law of the State which covers this subject (Ga. L. 1953, Nov.-Dec. Sess., pp. 556, 584; Code, Ann. Supp., § 68-1640), and although a municipal ordinance can be declared void because of its being unreasonable and is not be to measured by the more extensive powers of the State legislature (*Mayor &c. of Savannah* v. *Cooper*, 131 *Ga.* 670, 676, 63 S. E. 138), an ordinance that requires no more of a driver than does the general law of the State cannot be deemed unreasonable. Therefore, the trial court did not err in overruling this ground of demurrer.

2. The first special ground of the defendant's amended motion for new trial complained of the introduction in evidence of the ordinance dealt with in the previous division of this opinion, and the defendant's objection was based on the same grounds as was his demurrer. Accordingly, the ruling of this court in the previous division of this opinion necessarily controls here, and the trial court did not err in admitting the ordinance in evidence.

3. In the second special ground the defendant complains that the trial court erred in overruling his objection to the introduction in evidence of the ordinance pleaded as § 30.38, supra, on the ground that it was "irrelevant, immaterial and prejudicial."

"An objection to evidence as irrelevant, immaterial, and prejudicial, without more, is too general, and was properly overruled." *McBride* v. *Johns*, 73 *Ga. App.* 444 (2) (36 S. E. 2d 822). Therefore, the trial court did not err in overruling the defendant's objection.

4. On the trial of the case there was evidence adduced that the defendant, while driving in the right-hand lane turned into the center lane, where the plaintiff's automobile was being driven in the same direction as was the defendant's automobile, causing

the right rear fender of his automobile to strike the front of the plaintiff's automobile, and in so doing caused the driver of the plaintiff's automobile to lose control of the plaintiff's automobile and to drive across the street and strike a telephone pole causing the damage to the plaintiff's automobile sued for.

Therefore, there was evidence to support the verdict of the jury, and where there is any evidence supporting the verdict of a jury, which has been approved by the trial judge, this court will not disturb it on review.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*