### 39287. CENTRAL OF GEORGIA RAILWAY COMPANY v. BROWER.

Decided June 22, 1962—Rehearing denied July 17, 1962.

Farkas, Landau & Davis, Edmund A. Landau, Jr., for plaintiff in error.

D. C. Campbell, H. G. Rawls, Burt & Burt, contra.

FRANKUM, Judge. ▮ Steven A. Roos was called as a witness for the plaintiff and was qualified as a civil engineer and as an expert in that field. He testified as to the correctness of the measurements and elevations represented by certain lines on a plat of the scene where the collision occurred. Thereafter, the plaintiff introduced opinion testimony of this witness as to the effect of fog decreasing the visibility of one driving a car at night with headlights on. Plaintiff's counsel propounded the following questions: "Q. Let's assume it is a perfectly clear night and someone calls you at your office and says a train is blocking the crossing and to come down and do something about it and you knew the train was there, how much farther could you see the train then than you could if it was unexpected, what is the difference, could you see it farther expected or unexpected? A. Your expected object could be made out because you could see the expected object more readily. Q. Do you have any idea how much easier it would be? A. It would generally be twice as easy to recognize an expected object as against an unexpected one; if you knew it was there you would see the outline."

The defendant objected to the questions and answers upon the ground that such answers would be conjecture, highly speculative, and a conclusion of the witness. In special ground 4 it assigned the admission in evidence of such testimony as being error.

The defendant's objection is well taken. This witness was not qualified as an expert upon this subject and his testimony along this line was certainly a conclusion (Code § 38-1708) and approached almost to the extent of commenting on the ultimate fact issue which was within the jury's exclusive domain (see Green, Ga. Law of Evidence, § 113), and was testimony as to facts of common knowledge which every juryman would know. See Georgia R. & Bkg. Co. v. Hicks, 95 Ga. 301 (22 SE 613);

Farris v. Interstate Circuit, Inc., 116 F2d 409; *McCray v. State,* 134 Ga. 416 (68 SE 62). See also, Green, Ga. Law of Evidence, § 111.

■ Movant contends that the court erred in admitting in evidence the testimony of a certain witness concerning the weather conditions at a railroad crossing one block away from the intersection where the collision in question occurred. The witness, a fellow employee of the plaintiff, testified that he drove down Monroe Street (which was one block away from the scene of the collision—Monroe Street runs parallel to Madison Street) toward the railroad crossing at the intersection of Monroe Street and Roosevelt Avenue; that the weather conditions were heavily overcast, misty and foggy; that as he approached the railroad crossing he did not see anything but he heard a train stopping and knew something was in front of him; that he turned and applied the brakes on his car to keep from hitting the train, and that his car came to a stop "within a car length" of the train.

The basis of the objection is that the testimony related to an event between different parties than those in the present suit (viz., the defendant and the witness) and involved an occasion not connected with the one under investigation. However, this witness was testifying to the condition of the weather and visibility existing at or near the time of the collision and only one block away from the scene of the collision. He testified that a train (obviously the one which the plaintiff struck) was not seen by him as he approached the crossing because of the weather conditions, and we are of the opinion that his testimony was admissible as a circumstance to be considered by the jury regarding the weather conditions at the scene of the collision. The prevailing weather conditions to which this witness was testifying were only one block from the collision. This was one of the issues in the case. If evidence is admissible for any reason, it is not error to admit it.

As stated by Judge MacIntyre in *McNabb v. State,* 70 Ga. App. 798, 799 (29 SE2d 643): "Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is

relevant." See also *Livingston v. Barnett,* 193 Ga. 640 (19 SE2d 385) ; *Bond v. State,* 104 Ga. App. 627 (3) (122 SE2d 310).

"The laws of evidence are adjusted to the laws of mind as well as to the laws of the land, and any fact is relevant which, when taken alone or in connection with another, would warrant the jury in drawing a logical inference with reference to the issue on trial." *Stone v. State,* 118 Ga. 705, 716 (45 SE 630).

"Every fact or circumstance serving to elucidate or throw light upon the issue being tried, constitutes proper evidence in the case." *Sample v. Lipscomb,* 18 Ga. 687 (1). See *A. A. A. Highway Exp. v. Hagler,* 72 Ga. App. 519 (34 SE2d 462).

The gist of the defendant's objection concerns the weight, credit and probative value of such evidence. These questions were within the exclusive province of the jury. As stated in *Fuller v. State,* 196 Ga. 237 (2) (26 SE2d 281) : "The question as to the admissibility of evidence is not to be determined by its weight. If it has any probative value, however small, and is otherwise competent, it should be admitted." The special ground of the motion for a new trial raising these questions is without merit.

The above authorities are also applicable to the contentions of movant in special ground 6 which complains of the admission in evidence of the testimony of a witness concerning the weather conditions on December 31 and January 1. Movant contends that this evidence was irrelevant and immaterial because it related to a date other than January 2, the date when the collision occurred. The record reveals that this witness testified that the rain and drizzle continued from December 31 through January 1, and stopped sometime after midnight on January 1. The collision occurred at about 5:30 a.m. on January 2, 1959, which, of course, would be sometime during the morning of January 2. The trial judge did not err in exercising his discretion in admitting this testimony in evidence as a circumstance for the jury's consideration.

■ During the cross-examination of a police officer who investigated the collision, plaintiff's counsel asked him: "Q. You are familiar with speed charts?" Defendant's counsel objected to any testimony about a speed chart on the ground that such

chart had not been proved to be correct. The court overruled the objection. Plaintiff's counsel thereupon asked the witness hypothetical questions relating to distances required to stop a vehicle driven at various rates of speed. The witness responded to the questions, and it is clear from the record that the witness' answers were based upon the speed chart which had not been proved to be correct or admitted in evidence. Defendant's counsel objected to this testimony and moved to rule out such evidence on the ground that the speed chart had not been proved to be correct. He contended that the evidence amounted to hearsay. The point is well taken. The record fails to show the admission in evidence of such speed chart. There is no proof by any witness that such chart was correct. This witness was not offered as an expert on this subject, and the record fails to show any qualification of this witness as an expert in this field. Accordingly, he could not give opinion testimony as an expert under *Code* § 38-1710.

But assuming the witness was an expert: "The witness' opinion must be his own; he cannot act as a mere conduit for the opinion of others. Thus the opinion is incompetent where the witness has no general knowledge of his own, but is merely transmitting information received from others." 32 CJS 293, Evidence, § 545. See *Johnston v. Richmond & D. R. Co.,* 95 Ga. 685 (22 SE 694); *Thompson v. Ammons,* 160 Ga. 886 (129 SE 539). The court erred in admitting this testimony.

■ An objection to the admission of evidence upon the ground that it is irrelevant, immaterial and inadmissible is too general to properly constitute an assignment of error, and such assignment of error does not raise a question for determination by this court. *Greyhound Corp. v. Clough,* 211 Ga. 574 (87 SE2d 387); *McBride v. Johns,* 73 Ga. App. 444 (2) (36 SE2d 822); *Goodrum v. Henton,* 93 Ga. App. 592 (92 SE2d 590); *Manning v. State,* 33 Ga. App. 610 (9) (127 SE 475). Special grounds 11, 12 and 13 are subject to this criticism.

■ Special ground 19 excepts to the following charge: "Under the Georgia law, it is not negligence per se for one not aware of the presence of boxcars blocking the crossing, to fail to stop, look and listen before attempting to cross a railroad track. In

other words, if plaintiff in the exercise of ordinary care was unaware that this crossing was blocked, the law does not require him to stop, look and listen before crossing the track, but he must exercise ordinary care." Movant contends that this charge instructed the jury that they would not be authorized to find the plaintiff negligent because he failed to stop, look and listen at the railroad crossing. Movant attempts to equate this charge to the one condemned in *Atlantic Coast Line R. Co. v. Brand,* 79 Ga. App. 552, 555 (54 SE2d 312), where the court charged that the plaintiff "cannot, as a matter of law, be guilty of such contributory negligence as would bar a recovery by him." The charge was not error for any reason assigned. See *Georgia R. & Bkg. Co. v. Davis,* 86 Ga. App. 63 (70 SE2d 788); *Mann v. Central of Ga. R. Co.,* 43 Ga. App. 708 (160 SE 131); *Atlanta B. & C. R. Co. v. Thomas,* 64 Ga. App. 253 (12 SE2d 494); *Southern R. Co. v. Slaton,* 41 Ga. App. 759 (154 SE 718).

■ Special ground 23 complains of the following charge: "I charge you, Gentlemen of the Jury, that it is not necessarily such a lack of ordinary care on the automobile driver's part as will defeat a recovery for the operator of a properly equipped automobile to drive it in the night at such a rate of speed that he can not stop within the limit of his vision ahead. This is true whether the night was foggy or clear. In other words, if you find that the plaintiff was operating his automobile at such a rate of speed that he could not stop within the limit of his vision ahead, this fact would not necessarily constitute a lack of ordinary care." One contention is that the above rule does not apply in cases when a person such as the plaintiff knows of the crossing. However the rulings of *Underwood v. Atlanta & W. P. R. Co.,* 105 Ga. App. 340 (124 SE2d 758); *Ga. &c. R. Co. v. Rutherford,* 104 Ga. App. 41 (121 SE2d 159); and *Savannah & A. R. Co. v. Newsome,* 90 Ga. App. 390 (83 SE2d 80), are adverse to the movant's contentions. These cases in essence hold that a plaintiff's knowledge of the railroad crossing is a fact which the jury may consider in determining whether the plaintiff was negligent, and if so, whether his negligence was the sole proximate cause of his injury. The jury had other matters to consider, such as weather conditions, lighting, warning signs, and

numerous other matters relative to whether the plaintiff or the defendant was negligent in failing to exercise due care. In other words, knowledge of the railroad crossing was not the sole determinant of liability as a matter of law. One may argue just as strongly and validly that the defendant's agents and employees had knowledge of the crossing where automobiles would be traveling, and that they, in turn, must exercise a degree of care so as to prevent a collision with an automobile which happens along the way. These questions are addressed to the jury, unless the facts are so strong as to make it mandatory to rule that the negligence of one party was the sole cause of the collision as a matter of law. This is not one of those cases.

Movant also contends that the above rule is in conflict with an older line of decisions, citing *Baker v. A. C. L. R. Co.*, 52 Ga. App. 624 (184 SE 381); *Pollard v. Clifton*, 62 Ga. App. 573 (1) (9 SE2d 782); *Bassett v. Callaway*, 72 Ga. App. 97 (33 SE2d 112); *Hayes v. Simpson*, 83 Ga. App. 22 (62 SE2d 441). However the cases of *Crawford v. W. & A. Railroad*, 51 Ga. App. 150 (179 SE 852); *Bach v. Bragg Bros. & Blackwell*, 53 Ga. App. 574 (186 SE 711); *Doby v. W. L. Florence Constr. Co.*, 71 Ga. App. 888 (32 SE2d 527); *McDowall Transport v. Gault*, 80 Ga. App. 445 (56 SE2d 161); *Silver Fleet Cab Co. v. Bauer*, 88 Ga. App. 455 (76 SE2d 845); *Southern Bakeries Co. v. White*, 103 Ga. App. 146 (118 SE2d 724); *Padgett v. Central of Ga. R. Co.*, 95 Ga. App. 96 (96 SE2d 658); *New Cigar Co. v. The Broken Spur*, 103 Ga. App. 395 (119 SE2d 133) (see also *Kelly v. Locke*, 186 Ga. 620, 198 SE 754); *Mann v. Central of Ga. R. Co.*, 43 Ga. App. 708, supra), present the earlier line of authority and the rule which is followed in this State. The rule was laid to rest in *Rogers v. Johnson*, 94 Ga. App. 666 (96 SE2d 285), and will be followed by this court.

Another basis of this special ground is that the court failed to adequately charge upon this principle of law in that it charged only that part of the rule favorable to the plaintiff and failed to charge that part of the rule favorable to the defendant. As stated in *Rogers v. McKinley*, 48 Ga. App. 262, 264 (172 SE 662): "While it is well settled that a charge embracing

an abstractly correct and pertinent principle of law, complete within itself, is not rendered erroneous by a failure to charge in connection therewith some other legal principle applicable to the case, this rule has no application where the charge given is, on account of its incompleteness, inherently incorrect. When a judge undertakes to charge the law upon any subject he must charge all of it upon that subject that is material and applicable to the case." The court went on to rule in that case that the trial judge erred in charging a portion of a principle favorable to one side without charging another portion of the rule favorable to the opposite side.

"When the judge undertakes to charge the law upon a particular subject, he should charge all on the subject that is material and applicable to the case." *Tucker v. Talmadge,* 186 Ga. 798, 800 (198 SE 726). See *Garner v. Wood,* 188 Ga. 463 (4 SE2d 137); *Georgia R. & Power Co. v. McElroy,* 36 Ga. App. 143 (136 SE 85).

The rule in question is stated in *Bach v. Bragg Bros. & Blackwell,* 53 Ga. App. 574, 577, supra: "It is not necessarily such a lack of ordinary care on the plaintiff's part as will defeat a recovery for the operator of a properly-equipped automobile to drive it in the night at such a rate of speed that he can not stop it within the limit of his vision ahead. Whether he is to be chargeable with negligence or not depends upon what is reasonable under all the circumstances; and unless the facts shown unmistakably point to but one conclusion, the decision of that question is especially one for the determination by the jury." See also *Silver Fleet Cab Co. v. Bauer,* 88 Ga. App. 455, supra, and *Southern Bakeries Co. v. White,* 103 Ga. App. 146, supra.

It is obvious that the latter portion of the rule was necessary so as not to unduly emphasize the plaintiff's side of the case, because the plaintiff was also charged with the duty of driving with due care which included taking into consideration the apparent dangers such as rain, fog or whatever the facts and circumstances may have been. Since the court did not charge the entire rule applicable under the facts in this case, it erred in overruling this ground of the motion.

■ Special ground 8 assigns error upon the admission in evidence of plaintiff's testimony that he was driving with the dim lights on his car because he "always drove with the dimmers on in the city limits." As stated in *Leonard v. Mixon*, 96 Ga. 239, 241 (23 SE 80): "Although a witness may have no distinct and independent recollection of the details of a fact occurring in the course of the routine of his business, he may testify, as this witness did, to his fixed and uniform habit in such cases, and state that he knows that what he did in a given transaction was in accordance with that habit. (See 7 Am. & Eng. Enc. of Law, 63; Abbott's Trial Brief on Facts, § 142, and cases cited.) The probative value of such evidence is for the jury . . ." See also *Butler v. State*, 142 Ga. 286 (6) (82 SE 654). This ground is without merit. Special ground 9 is also of the same nature as special ground 8 and is not meritorious.

■ "The so-called 'doctrine of emergency' . . . refers only to those acts, either of the plaintiff or the defendant, which occur immediately following the realization of the peril or crisis and before there is time for mature reflection." *Stripling v. Calhoun*, 98 Ga. App. 354, 357 (105 SE2d 923). See *Brock v. Avery Co., Inc.*, 99 Ga. App. 881 (110 SE2d 122). The evidence does not show that plaintiff ever recognized or realized that he was in a position of peril. In the instant case the court charged upon the principles of law relative to emergency, and the defendant assigns error upon such charge as being incorrect and incomplete. As the case must be retried, we need say only that the evidence in its present state did not authorize such a charge, and it is not necessary for us to pass upon whether the charge given in this respect was correct or incorrect.

■ Many of the remaining special grounds are exceptions to portions of the court's charge. However, when the portions are read in context with the whole charge, none of them show harmful error. See *Brown v. Matthews*, 79 Ga. 1 (4 SE 13). Some other special grounds except to the court's failure to give a more explicit charge, and thus contend that the court's charge on certain subjects was incomplete, but: "Where the court has fully and fairly, in its charge to the jury, submitted the law,

as applicable to the whole case, the court is not bound to give any further charges, however proper or legal they may be. There is a point at which the court may stop, and this point is when the whole law applicable to the case has been submitted by the court to the consideration of the jury; . . ." *Georgia R. v. Thomas*, 73 Ga. 350, 355. Still other special grounds are incomplete so that they raise no question for decision by this court. After a review, we find that the special grounds which are not specifically referred to in this opinion fail to show reversible error for any of the reasons assigned therein.

■ The defendant contends by its motion for a judgment notwithstanding the verdict that the plaintiff testified to certain facts in a workmen's compensation case between himself and his employer (*Beck v. Brower*, 101 Ga. App. 227, supra), which testimony is contrary to the testimony of the plaintiff in the instant case. Movant contends that the testimony given by the plaintiff in the workmen's compensation case shows conclusively that he was not entitled to recover in the instant case, and therefore, he was estopped to change his testimony and to testify to facts different from his testimony in the prior case, citing *Code* § 38-116.

The defendant introduced in evidence a part of the plaintiff's testimony in the workmen's compensation case. A salient portion is as follows: "As far as I can remember I never did see the train. The only thing I could tell is that I dozed off, not being fully awake when I went out on the call." In the instant case the plaintiff explained his testimony given in the workmen's compensation case as follows: "I couldn't figure out why I would run into a train; and I tried to give an answer as to why I would do it." And, "I made that statement because I didn't know what happened." The plaintiff further testified that he did not remember anything from the time he was driving along Madison Street approaching the intersection of Flint Street when he stopped behind a parked car to allow an oncoming car to pass, until "he woke up in the hospital" four or five days after the collision.

Medical testimony was introduced showing that it is not uncommon for a person who suffers a "lick to the head" to have

"retrograde amnesia" which prevents such person from remembering events immediately preceding the lick. The doctor further testified that the memory of these events sometimes returns and sometimes does not.

We are of the opinion that the above evidence did not create an estoppel against the plaintiff but was a matter for the jury to consider as to the credibility of the plaintiff as a witness. Assuming arguendo that the plaintiff's testimony in the present case is not explanatory of his prior testimony and is in conflict with his testimony in the workmen's compensation case, the evidence does not show facts sufficient to create an estoppel against the plaintiff whereby he could not testify contrary to his testimony in the prior workmen's compensation case.

The Supreme Court has held that in a second trial of a case between the same parties on the same issue, a party is not estopped to give testimony at the second trial which is different from his testimony given at the first trial. *Owen v. Palmour*, 111 Ga. 885 (36 SE 969); *Phoenix Ins. Co. v. Gray*, 113 Ga. 424 (38 SE 992). See also *Scott v. Powell Paving Co.*, 43 Ga. App. 705 (159 SE 895); *Atlantic Coast Line R. Co. v. Clements*, 92 Ga. App. 451 (88 SE2d 809).

The rulings in the foregoing cases involved facts which are stronger in support of the defendant's contentions than the present case. Here, the workmen's compensation case was between the plaintiff and his employer, not a party to this case, and involved different issues, although growing out of the same occurrence. Certainly, if a party to the second trial of the same suit is not estopped to change his testimony, the defendant in the instant case cannot invoke estoppel to prevent plaintiff from changing his testimony under the facts presented here.

As stated in *Phoenix Ins. Co. v. Gray*, 113 Ga. 424, 432, supra: "The witness, of course, in the second trial was subject to impeachment, and evidence as to what he did swear on a former trial was admissible for the purpose of impeaching him and otherwise attacking his credibility; but we know of no principle of law which would prevent a witness on the second trial of a case from testifying in direct contradiction to what he swore in the first. After all there is but one sound rule: Let the jury

judge of the credibility of the witness. Evidence of contradic- tions in former testimony is one of the things which would affect that credibility—how much, the jury must determine."

"The function of the motion for judgment non obstante vere- dicto is not the same as that of a motion for a new trial, but is a summary method of disposing of the entire litigation where it is obvious that the party against whom the motion is directed cannot under any circumstances win his case." *McClelland v. Carmichael Tile Co.*, 94 Ga. App. 645, 647 (96 SE2d 202).

The above facts do not require a holding that the plaintiff cannot recover under any theory. The other contentions of the defendant made under its motion for a judgment notwithstand- ing the verdict have been determined adversely to the movant in Division 6 of this opinion. Accordingly, the court did not err in overruling the motion for a judgment notwithstanding the verdict.

There was sufficient evidence to make a jury issue, and, there- fore, the general grounds are not meritorious.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*